## GATES v. GATES.

No. 17555.    Opinion Filed Aug. 2, 1927.

Rehearing Denied Oct. 25, 1927.

(Syllabus.)

1. **Divorce—Modification of Decree as to Custody of Child.**

A decree of divorce, which fixes the custody of a minor child, may be modified as to such custody where it is shown that such action of the court will be for the best interest of the child.

2. **Appeal and Error—Sufficiency of Evidence—Review in Equity Case.**

In an equitable action, the Supreme Court, on appeal, will review the record and weigh the evidence, but will not reverse the judgment of the trial court, unless it is clearly against the weight of the evidence.

Error from District Court, Stephens County; Will Linn, Judge.

Action by S. P. Gates against Mabel

Gates to modify a former decree of divorce in favor of plaintiff with reference to the custody of a minor child. Judgment for defendant, and plaintiff appeals. Affirmed.

Ahern & Fitzpatrick, for plaintiff in error.

Bond & Bond, for defendant in error.

MASON, V. C. J. On the 24th day of March, 1924, the plaintiff in error obtained a divorce in the district court of Stephens county from the defendant in error, Mable Gates. The plaintiff was awarded the custody and control of Martha Gates, their eleven year old daughter. The decree provided, "said child to be allowed to visit her mother at all reasonable times." It appears that when each party had possession of the child they refused to relinquiish the same without an order of the court.

Some time thereafter, the plaintiff in error commenced this proceeding to modify the original judgment so as to give him the exclusive custody and control of said child. The application was based on the grounds that the defendant, because of her lax morals, was not a proper person to have any control over said child and that such modification of the original decree would be for the best interest of the child.

Considerable evidence, which was very conflicting, was taken upon the hearing of said proceeding. Most of the evidence of the plaintiff, however, related to the conduct of the defendant before the decree of divorce was rendered. The evidence also disclosed that each of said parties had remarried.

The trial court found that the defendant's conduct since the granting of the divorce had been entirely proper and refused to modify the judgment. The plaintiff has perfected his appeal and insists that the court erred in holding that there was not sufficient evidence to establish that the defendant was a woman of such character as to render her unfit to have the custody of said child.

The rule is too well settled to require the citation of authorities that a decree of divorce fixing the custody of a minor child will be modified when it is shown that such action on the part of the court will be for the best interest of the child. The rule is equally well settled that in an equity case this court on appeal will examine the record and weigh the evidence, but will not reverse the judgment of the trial court, unless it is clearly against the weight of the evidence.

The evidence in this case is of such a nature that we refrain from setting it out in this opinion. However, we have carefully examined the record herein, and cannot say that the refusal of the trial court to modify said decree of divorce is clearly against the weight of the evidence.

The judgment of the trial court, therefore, is affirmed.

BRANSON, C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—Se under (1) 19 C. J. p. 351, §810; 9 R. C. L. p. 440. (2) 4 C. J. p. 900, §2869; 2 R. C. L. p. 202; 1 R. C. L. Supp. p. 432; 4 R. C. L. Supp. p 90: 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 73.