## GARNER v. GARNER.

No. 19483. Opinion Filed May 20, 1930.

Lydick, McPherren & Jordan, for plaintiff in error.

Warren K. Snyder, for defendant in error.

LEACH, C. On January 11, 1928, Loreta Garner, the plaintiff in error, as plaintiff below, obtained a decree of divorce from Roy J. Garner, in the district court of Oklahoma county, wherein the care and custody of the minor child of the parties was awarded the plaintiff, also $40 per month for the support of the child, with the right and privilege of the defendant, Roy J. Garner, to have the child visit him and have its care and custody on Saturday of each week. Shortly thereafter the plaintiff established her residence in the city of Tulsa, and on February 28, 1928, on application of defendant, the decree was modified to the extent that the day on which the defendant was permitted to have the child visit with him was changed from Saturday to Sunday.

Thereafter the defendant filed his application to modify the decree to the extent that he be awarded the care and custody of the child the last week of each month during the school vacation period in each year, and that the amount allowed plaintiff for the support of the child be reduced from $40 to $30 during such period, it being alleged in the application of defendant that his work required him to remain in Oklahoma City until 9 o'clock p. m. on Saturday, and that he was not able to pay the outlay in expense of $15 in going to visit the child, and further alleged that should the application be granted, he would keep the child in the home of his mother in Oklahoma City, where he also resided.

A response was filed by the plaintiff wherein it was alleged that there had been no change in the condition of the parties since the decree and its modification, and that the defendant was not entitled to any relief.

At a hearing on the motion and response thereto on June 15, 1928, such date being subsequent to the term of court at which the original decree of divorce and modification thereof were entered, the plaintiff objected to the introduction of testimony on

the ground that, under the application filed on May 10, 1928, the court was without jurisdiction or power to modify the former decree, which objection was overruled, and the court, after hearing the testimony of counsel for the respective parties, entered its order modifying the decree "so as to give the defendant the custody of Alice Jean Garner for the last calendar week in the months of June, July and August of each year," but made no change in the award for the support of the child, from which order and judgment the plaintiff appeals, and as grounds for reversal contends that the court was without authority to modify the decree, in the absence of a change of conditions, after the term of court in which it was granted or first modified. In support of the contention, plaintiff relies upon the general rule as stated in 19 Corpus Juris, section 810, p. 350; and the holding in Stanfield v. Stanfield. 22 Okla. 574, 98 Pac. 334; Wood v. Wood, 92 Okla. 297, 216 Pac. 936; and Sango v. Sango, 121 Okla. 283, 249 Pac. 925.

An examination of the opinions in Stanfield v. Stanfield and Wood v. Wood, supra, shows a much different state of facts from those in the instant case, and discloses that in those cases the trial court modified or changed its judgment to the extent of taking the exclusive custody of the child or children from the parent to whom it was originally awarded and giving the same to the other parent. The other case, Sango v. Sango, supra, involved only the question of a change or modification in an allowance for the support of the children. The following is quoted from the opinion in that case:

"Under the provisions of section 507, Compiled Oklahoma Statutes 1921, the court retains the right at any time, upon its own motion, or the suggestion of any one interested, to make such reasonable order as may be necessary upon either or both of the parties to a divorce action to provide for the guardianship, custody, support, and education of their minor children, and such orders may be from time to time changed. Miles v. Miles (Kan.) 70 Pac. 631. * * *

"By reason of this section, the court having jurisdiction of an action for divorce, upon proper notice and within its sound judicial discretion, may change any former order made concerning the matters, enumerated within the foregoing statute, by adding to or taking from the burdens of either party relative to the same."

In the opinion in the case of Wood v. Wood, supra, it is said:

"This court is not unmindful of the fact that it must be guided by what appears to be for the best interest of the child, Margaret, in respect to her temporal, mental and moral welfare"

—citing Morris v. Morris, 81 Okla. 222, 198 Pac. 70, in which cited case it is stated in the syllabus thereof as follows:

"Decrees as to the care and custody of a minor child are rarely made final, but may be modified from time to time to meet the requirements of the child's welfare."

See, also, Copeland v. Copeland, 58 Okla. 327, 159 Pac. 1122.

From an examination of the record in the instant case, we are of the opinion that the change or modification complained of by the plaintiff in error is not such a modification as clearly falls or comes within the rule relied upon by her and as announced in the authorities and cases cited. The rule relied upon by the plaintiff, and as found in the authorities and cases cited in support of the rule, including those from this jurisdiction, applies in cases where the general or permanent custody of a child is changed from one party to another, or where the amount of the allowance for its support is sought to be changed and apparently was not intended to, nor does it apply, as we view it, in cases where there is only a change in dates or periods within which one party may have the temporary care and custody of the child for the purpose of visitation, where there is no general change in its custody, such as in the instant case.

The trial judge, in his remarks at the time of making the modification, complained of, stated that the interests of the child, during its minority, required the care, teaching, and affection of its father to as great a degree as possible, and that the father was entitled, as well as the mother, to the company of the child during a part of such period.

It is not contended that the modification or order complained of would be detrimental to the child, but the claim of reversal is based upon the ground that the trial court was without power to make the change because of an absence of a showing of a change in circumstances or of condition of the parties. Conceding, without deciding, that there was no change shown in the condition of the parties since the February modification of the decree, still, we are unable to agree with plaintiff's contention for the reason, as heretofore stated, we are of the opinion that modification or change is not such a material one or of the character contemplated in the authorities and cases announcing the rule relied upon by the plaintiff.

The order and judgment of the district court is affirmed.

TEEHEE, REID, EAGLETON, and FOSTER. Commissioners, concur.

BENNETT, Commissioner, dissents.

By the Court: It is so ordered.