[Civ. No. 4137. Third Appellate District.—June 5, 1930.]

LOU MERRITT, Respondent, v. HULETT C. MERRITT, Jr., Appellant.

Russell & Heid for Appellant.

Young & Young for Respondent.

THOMPSON (R. L.), J.—This is an appeal from an order modifying an interlocutory decree of divorce by increasing the allowance for the maintenance of a minor child. It

is asserted the increased allowance is not warranted by the circumstances of the parties or the income of the father.

The parties to this action were married June 23, 1920. One daughter, named Andriana, who was four years of age at the time of the trial, was born as the issue of the marriage. A suit for divorce, on the ground of adultery, was filed December 1, 1926. On November 30, 1926, the property rights of the parties were settled by the execution of a written agreement. By the terms of this contract the respondent was allowed $750 per month as alimony, and the additional sum of $250 a month for the maintenance and support of the minor child. December 5, 1927, an interlocutory decree of divorce was rendered in favor of the respondent, awarding her the custody of the minor child, together with the monthly payments above mentioned, pursuant to the contract settling the property rights. Subsequently, upon proceedings duly had the court modified this interlocutory decree by allowing the respondent an additional $100 per month for the education and maintenance of the child. From this order an appeal was perfected.

■ It is claimed the evidence will not support an allowance of $350 a month for the maintenance of the child for the reason that the circumstances and income of the appellant will not warrant the allowance of that sum.

Under the circumstances in which the parties to this action were accustomed to live, extravagant though it may have been, we may assume this allowance was not excessive. Prior to the divorce they had been living in an opulent manner. The picture of their residence with its colonades and spacious buildings set in a garden of stately trees and an abundance of shrubs and flowers is superb. The evidence shows they maintained a private golf course, two automobiles with a chauffeur, and five servants. On occasions, for months at a time, they lived in first-class hotels like the Biltmore at Los Angeles, Del Monte Lodge or Mark Hopkins at San Francisco. They traveled abroad. She enjoyed the services of a professional nurse and a maid. The respondent testified: "We were living at the rate of about four or five thousand dollars a month," and she added, "my mode of life is not nearly as good as it was while we were married, or anyways near it." "The way I am living now, it forces me to keep baby in an entirely dif-

ferent plane to that (which) her father occupies. . . . We cannot go to the same class of hotel he goes to. If we travel, we cannot travel as he travels. We cannot dress as he dresses; we can't do anything in the same way that he does." The appellant is the manager of the 6,500-acre Tagus Ranch, Incorporated, for which service he receives a salary of $1250 a month. He is also the vice-president of the Pacific States Corporation, which the respondent testified was a family holding corporation, which "owns the watch he wears. He (appellant) turned in all his property to the holding company. He and his father have—the father has everything, because that is his own company." Accounting for the necessity of an increased allowance for the maintenance of the child, the respondent said she rented a house at $200 a month, but desired better accommodations for the child; that she employed a private nurse for the daughter, which costs her $150 a month; clothing $25 to $50 a month; drugs $10 a month; tuition in a private school $30 a month, and numerous other incidental expenses; that the child was nervous and "under the doctor's care all the time"; that there was "dental work to be done which will cost around between $500 and $600, some corrective work which we have known had to be done when she arrived at an age where it could be." This evidence is ample upon which to allow an aggregate sum of $350, under the circumstances. Moreover, an allowance for the maintenance of a child is always subject to modification. This sum may be diminished at any time upon a proper showing.

In spite of the affidavit of the appellant to the effect that his entire income consisted of the salary of $1250 a month above mentioned, we are of the opinion the evidence will support the finding that he is financially able to pay the sum allowed. The appellant was not present in court at the hearing, and an opportunity to cross-examine him regarding his resources and income was not afforded. The respondent testified, in addition to the extravagant manner in which he lives, that "He is spending about $3,000 or $4,000 a month. . . . Q. Do you know that? A. Yes I do." In view of the evidence that "He turned in all his property to the holding company," in support of the order appealed from, we may assume he had an additional

income from that source which enabled him to spend $3,000 or $4,000 a month.

■ The fact that the order is in conflict with the provisions of the property settlement contract which was executed by the parties with respect to the maintenance of the child does not impair the validity of the order. While it is true that the discretion of the court to make an allowance for the maintenance of a minor child is limited to the conditions and financial ability existing at the time of the order (9 Cal. Jur. 802, sec. 143; *Schammel* v. *Schammel,* 105 Cal. 258 [38 Pac. 729]), the parents may not abridge the rights of the minor to deprive her of an adequate support by any prior agreement. (9 Cal. Jur. 803, sec. 144; *Lewis* v. *Lewis,* 174 Cal. 336 [163 Pac. 42]; *Parkhurst* v. *Parkhurst,* 118 Cal. 18 [59 Pac. 9].) The amount is within the reasonable discretion of the court. (*Bancroft* v. *Bancroft,* 178 Cal. 352 [173 Pac. 582].) ■ Nor did the court exceed its authority in declaring a lien upon appellant's property to secure the payment of the allowance. (*McKannay* v. *McKannay,* 68 Cal. App. 701 [230 Pac. 214].)

The order is affirmed.

Finch, P. J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 5, 1930.