## BASHORE et al. v. THURMAN et al.

No. 19909.  Opinion Filed July 14, 1931.

Withdrawn, Corrected, Refiled and Rehearing Denied Oct. 13, 1931.

J. W. Bashore, for plaintiffs in error.

Tom E. Willis, for defendant in error Wm. S. Grubb, Jr.

Simons, McKnight, Simons & Smith, for defendant in error Caroline E. Thurman.

HEFNER, J.  This is a suit in partition and to determine an heirship brought in the district court of Major county by Caroline E. Thurman and others against William S. Grubb and others.  The land involved constituted the homestead entry of Caroline P. Grubb, since deceased.  She died intestate and left surviving her as her only heirs, Caroline E. Thurman, her daughter, and William S. Grubb, a son, and each inherited a one-half interest in the land.  Thereafter, William S. Grubb died testate, and in his will devised all of his interest in the land to Mattie Grubb, his wife.  Mattie Grubb thereafter died and left as her heirs a son, William S. Grubb, Sr., and a daughter named Emma Grubb, who inherited her interest in the land.  Thereafter, William S. Grubb, Sr., married Estella Wilson, and upon his marriage deeded to her a one-half interest in the land inherited from Caroline P. Grubb.  Thereafter, his wife procured a divorce from him, and in the decree the court awarded alimony at the rate of $10 per month for the support and maintenance of the minor child of the parties and decreed the same a lien against all land owned or thereafter acquired by him.  Subsequent to the death of Caroline Grubb, Emma Grubb was married to E. F. Shelton.  Mrs. Shelton thereafter, and subsequent to the divorce proceedings above mentioned, died and left surviving her, as her next of kin and only heirs, her husband and her brother, William S. Grubb, Sr., each of whom inherited a one-half interest in her estate.  Subsequent thereto, and after the filing of this suit, William S. Grubb, Sr., deeded the remaining interest in the land which he originally inherited to Frank Coke and others as trustees for the use and benefit of his minor child, and also deeded a one-half interest inherited from Emma Grubb to J. W. Bashore.  E. F. Shelton and Estella Wilson Grubb deeded their interest in the land to Caroline E. Thurman.  The court entered a decree in partition and determined the heirship of Caroline P. Grubb, and no objection is made to the decree of heirship.

It appears from the record that at the time of the trial in the partition suit, the minor son of William S. Grubb, Sr., and Estella Wilson Grubb, was eight years of age.  The divorce decree awarded $10 a month for his support.  The court in the partition suit computed the amount that

would have inured to the child under the divorce decree, and found the value thereof to be $1,567.62, and decreed the same a lien against the interest of William S. Grubb, Sr., in the land. This portion of the decree is assailed by defendants William S. Grubb, Sr., and his grantee, J. W. Bashore. It is their contention that a lien could only be fixed against the land for past due installments, and that the court erred in creating a lien against the land for unmatured installments. With this contention we agree.

In the case of Mansfield v. Hill (Ore.) 107 Pac. 471, speaking on this question, the court said:

"The provision of the divorce decree for future monthly payments by defendant until the further order of the court, being for an indefinite time and amount not yet accrued, is not a definite liability or a judgment for a specific sum which may become a lien upon his property. The very idea of a lien upon property involves certainty as to the amount, so that persons dealing with defendant, as well as defendant himself, may know how much is involved; otherwise he would be precluded from dealing with his property at all, since it would be impossible for him to pay the lien. Freeman on Judgments, sec. 340, says: 'There can be no lien except upon such judgments as the plaintiff is entitled to satisfy by levy upon the lands of the debtor. * * * The judgment must be for a specified sum.' To the same effect is Black on Judgments, sec. 407. That part of the decree in the divorce suit is a personal liability of defendant, but did not terminate at his death, as held by the lower court. It is a continuing liability against his estate."

It appears, however, from the opinion, that the court allowed a lien against the land for matured installments. The question was again before the court on rehearing. Mansfield v. Hill (Ore.) 108 Pac. 1007. In disposing of the question, the court said:

"As to the question of the lien of the decree in the divorce case of Mansfield v. Mansfield, in the circuit court of the state of Oregon for Multnomah county, for monthly payments for the support of the children, section 514, V. & Co. Comp., cited by counsel, makes no provision for a lien, as is the case in some states; if the amount were a definite sum named in the decree, it would constitute a lien from the time it is docketed, under the terms of section 205, B. & C. Comp., which provides that, from the date of docketing a judgment, as in this chapter provided, such judgment shall be a lien upon all the real property of the defendant within the county, etc. This monthly allowance is a continuing liability, and no part of it was due when the decree was rendered, and it may be terminated at any time, and its amount is impossible of computation. For that reason it does not come within the hold-ing in Taylor v. Taylor, 47 Or. 47, 81 Pac. 367, cited by counsel, in which the amount was allowed for the support of the children in one specified sum."

Under these authorities, the court should have allowed the lien for matured installments only.

It also developed on the trial that a portion of the funeral expenses of Emma Grubb Shelton remained unpaid. Her husband, E. F. Shelton, paid a portion thereof and at the time of the trial there remained due the sum of $180. This amount was also charged as a lien against the interest of J. W. Bashore and Wm. S. Grubb, Sr., in the land. Appellants also complain as to this portion of the decree. In our opinion the decree in this respect must stand. The estate of Emma Grubb Shelton was chargeable with this expense. E. F. Shelton and Wm. S. Grubb, Sr., each inherited a one-half undivided interest therein and in equity each is chargeable with one-half of this expense. The trial court found one-half thereof to be $180. The sufficiency of the evidence to support this finding is not challenged by appellants in their motion for a new trial, nor was this finding in any manner challenged by them in the trial court. We are therefore bound by the finding and judgment on this question.

Complaint is also made as to the allowance of an attorney fee. The fee allowed was $500. It is here urged that this allowance is unreasonable and excessive. No objection appears to have been raised thereto in the trial court. The same is therefore not properly before us and requires no further discussion.

Plaintiffs contend that this court is without jurisdiction to consider this appeal as to defendant J. W. Bashore for the reason that he has failed to file a motion for a new trial. An examination of the record discloses that, while J. W. Bashore's name does not appear in the body of the motion, it was signed by him. The trial court treated the motion as though he were a party thereto. In this we think the court was correct. He was sufficiently made a party to the motion and this court has jurisdiction to consider his appeal.

The judgment is reversed in so far as the same decreed a lien against the interest of J. W. Bashore and Frank Coke and others as trustees and Wm. S. Grubb, Sr., for unmatured installments of alimony, and the cause remanded for further proceedings not inconsistent with the views herein expressed.

In all other respects the judgment is affirmed.

CLARK, V. C. J., and SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and RILEY, J., dissent. CULLISON, J., disqualified.