## BLAKE v. BLAKE.

No. 27886.   Feb. 21, 1938.

R. L. Davidson, for plaintiff in error.

Quinn M. Dickason, for defendant in error.

GIBSON, J.  A modification of a divorce decree in so far as custody of two children is concerned is the relief sought here. The trial court refused to grant the father's plea, and he appeals.

The divorce was granted October 5, 1929. The mother was awarded custody of the children, a boy of seven and a girl of two. The father was granted the right to visit the children at reasonable times and intervals. and was ordered to pay $100 a month for their support. At the time of the decree the father drank liquor to excess. Then all parties lived in Tulsa. The father afterwards moved to Bartlesville and remarried. In February, 1937. he applied to the trial court for a modification of the decree. asking that he have custody of the children during vacation, that for said period the allowance be suspended, that some one other than his divorced wife be appointed to spend the allowance to the children, and that she be enjoined from removing the children from Oklahoma. Each parent testified on the application, presenting some corroborating evidence.

At the conclusion of the hearing the court said: "I will not make any change or modification. Things seem to be in fine shape; let's not interrupt them as long as it is going as it is now." The court, how-

ever, entered an order enjoining the mother from permanently taking the children from the state, but refused to order that she give bond to secure their return in case of temporary removal.

The father testified that he had never been refused permission to see his children. The children had been allowed to visit him in Bartlesville until a year ago. He asserted he called by telephone one time and could not talk to his son; but the proof showed the boy was carrying his papers. The father apparently objected to the boy's carrying papers because of some irregularity in hours caused thereby; but no evidence was produced to show that his son's health or morals were being impaired. On the contrary, the witnesses showed that the boy was learning some business principles and the habit of saving and investing his earnings. The father stated that he thought the maternal grandparents had a good influence on the children and that it benefited the children to continue to live near them. He testified his present wife had had no experience with children. He further testified that if he had custody of the children in the summer, they would be kept in Bartlesville, or perhaps for two or three weeks in Colorado. The mother, it appears, has been able, as guests of her parents, to keep the children in California during the hot summer months.

The father admitted that he came to Tulsa often and did not try to see or call on the children, explaining that the trips were business trips. He seemed to object to the fact that some of the guests of his former wife drank, one time one person to excess, although (the record shows) before his divorce he had such little regard for his children that often he drank to excess and was frequently intoxicated in his children's presence. He declared that his former wife drank not at all. He admitted also that at one time when the children were visiting him he had exclaimed: "Get those children away from here; they are breaking up my home." He could conjure up only one instance in more than seven years when his son had gotten out of control, and that time the boy had been well taken in hand by his grandfather. Much of his evidence was as to his opinion on certain points. From this evidence we fail to find any reason to conclude that the trial court abused its discretion in the matter. The boy is now 14, and there is no showing that the boy's education or business training is suffering in any way, or that it would be improved by association with his father or his family.

The decision of the lower court does not preclude it from making such further orders as may be necessary or proper to secure the return of the children to this state, as a condition to permitting their departure temporarily, if it should appear to the court that the interests of the children require further action.

We find no reason to disturb the findings of the trial court, and its decision is affirmed.

OSBORN, C. J., and PHELPS, HURST, and DAVISON, JJ., concur.