## CULBERTSON et al. v. JONES.

No. 33277. June 22, 1948.

Corrected, Refiled and Rehearing Denied March 30, 1949.

Second Petition for Rehearing Denied May 3, 1949.

*205 P. 2d 878.*

Arnold Fleig and John Barry, both of Oklahoma City, for plaintiffs in error.

Gomer Smith and Gomer Smith, Jr., both of Oklahoma City (Jean P. Day and William M. Allen, both of Oklahoma City, of counsel), for defendant in error.

WELCH, J. This case concerns the custody of Helen Lee Culbertson, a minor, now aged ten years.

In 1943 the parents were divorced. Both parties recommended that custody of the child be granted to the paternal grandmother. She was amply able to support and provide for the child and desired such custody. The trial court, without any finding that either the father or mother was an unfit person to have custody of the child, decreed custody to the grandmother, who has since had such custody. There was, of course, provision for reasonable visitation by each parent.

Thereafter the child's father married a second wife and established a home, and the mother married a second husband and established her home. Thereafter, in 1947, the two applications here involved were filed. First the father and grandmother filed a joint appli-

cation for change of custody of the child to the father, stating reasons why that would be for the best interests of the child. Thereupon the mother filed her application seeking custody of the child. There were further pleadings by way of responses.

The applications were tried together, and upon the evidence the trial court made a general finding that it was for the child's best interest that her custody be changed to her mother, and it was so adjudged, with provisions for visitation, and some custody in the father during school vacation time. There was no finding of any fault in the grandmother in her care of the child, and no finding of unfitness in the father.

Both the father and the grandmother prosecute this appeal. No special challenge is made to the right of the grandmother to appeal.

We shall consider the several propositions and contentions relied upon by plaintiffs in error for reversal.

We notice the rules of law and decisions in reference to child custody confided by parents to others on specific contract, with fixed duration, or to terminate only on stated eventualities. However, we find no analogy here, since we conclude the proceedings in 1943, as above outlined, did not constitute such a contract. Nor do we find that the grandmother acquired any vested right to continuous custody of the child by virtue of the manner she obtained custody or by the period of time she retained such custody.

We have also considered the custody decree of 1943 and do not consider it as binding and conclusive against the further or future rights of the parents to seek modification. The applicable rule seems to be that future change may be freely made when found to be for the best interest of the child. See 12 O.S. 1941 §1277; Bruce v. Bruce, 141 Okla. 160, 285 P. 30; Newberry v. Newberry, 147 Okla. 249, 296 P. 202;

Bynum v. Bynum, 184 Okla. 36, 84 P. 2d .424; Gates v. Gates, 127 Okla. 198, 260 .P. 41; Garner v. Garner, 143 Okla. 183, 288 P. 298; Strauch v. Strauch, 196 Okla. 184, 164 P. 2d 220; Morrison v. Morrison, 197 Okla. 620, 173 P. 2d 919.

Though we are mindful of the rule that such future change of custody may be made only in case of substantial and material change of facts. See Jackson v. Jackson, 200 Okla. 333, 193 P. 2d 561; 17 Am. Jur. §684; Stanfield v. Stanfield, 22 Okla. 574, 98 P. 334.

It is suggested that the trial court erred in denying a request that he interview the child. No effort was made to call the child as a witness and there is nothing to indicate that the child was in or about the courtroom. The matter was presented in this wise, near the end of the trial counsel for the father ·made this statement: "I would like to ask the court to talk to this child. I do not know what the court's attitude is on that." Thereupon the court indicated a contrary view and the matter went no further, that is, the request was not insisted upon and no exception was taken to the court's ruling. In fact, there was no formal ruling, but merely the presentation of the request in the above language and the court's indication that he was not inclined to grant the request. We take it this was a request addressed to the discretion of the trial judge. It is pointed out in the briefs that counsel did not intend to request that the child be called as a witness, but had in mind a private interview between the trial judge and the child in the judge's chambers. While such procedure would be unusual, and assuming, but not deciding that such procedure would be proper, it would still be a matter addressed to the discretion of the trial judge. Here there was neither acquiescence nor objection on the part of the mother. We assume this point is a contention that the trial court abused its

discretion, but there is nothing on which we could so hold.

We observe the cases cited on this point. In Bishop v. Benear, 132 Okla. 116, 270 P. 569, the children were called as witnesses to testify. In Richards v. Christy, 150 Okla. 221, 1 P. 2d 168, and Taylor v. Taylor, 182 Okla. 11, 75 P. 2d 1132, it does not appear that the child involved was called or testified as a witness, but it was merely observed in the opinion that the trial judge observed the child.

There are, of course, other cases in this and other jurisdictions where children have been called as witnesses, but no authority is cited holding to the view that it would or might be an abuse of discretion to refuse such a request as was here made. And in view of all the circumstances, we are satisfied there was no abuse of discretion in that regard.

As we view it, the chief question here is whether the finding of the trial court was against the weight of the evidence. We conclude it was the duty of the trial court to determine the custody most conducive to the best interest of the child, in view of the circumstances of the parties and all existing conditions, in the light of all the facts. There was vigorous contention on both sides and contradictory evidence as to temperament, comparative suitability and the like.

We think it wholly unnecessary to discuss the details of the evidence further than to say that we have considered the whole record and all the fact contentions. There was ample evidence as to factual changes in the circumstance and situation of each of the interested parties, such as to justify change of the custody of the child, in the sound discretion of the trial court. There was evidence on which the trial judge might have awarded custody of the child to the father or mother or left the custody with the grandmother, depending on the determined credibility of various witnesses and the resolved weight and value to be given their testimony. It was the function of the trial court to evaluate the testimony and decree such custody as should be determined to be for the best interest of the child. See Goertzen v. Goertzen, 194 Okla. 207, 148 P. 2d 982.

There was testimony amply sustaining the conclusion reached in favor of custody in the mother. It cannot be said that such finding was unsupported by evidence or contrary to the weight of the evidence. Therefore it is our duty to approve the judgment rendered. Gates v. Gates, supra; Gilcrease v. Gilcrease, 176 Okla. 237, 54 P. 2d 1056.

Affirmed.

DAVISON, C.J., and CORN, LUTTRELL, and HALLEY, JJ., concur. ARNOLD, V.C.J., and GIBSON, JOHNSON, and O'NEAL, JJ., dissent.

---

ARNOLD, V.C.J. (dissenting). In determining the custody of a minor child in a divorce action, the child's best interest should be the court's paramount consideration. Gilcrease v. Gilcrease, 176 Okla. 237, 54 P. 2d 1056, and the cases therein cited. Certainly the same rule should govern in a proceeding for change of custody. A general view of all the circumstances and details disclosed by this record forces me to the conclusion that the paramount issue— the interest and welfare of the child— was submerged by the conflicting interests of the adult persons involved, the mother, father and grandmother. For this reason I think the child and its welfare should be granted a rehearing.