Blair JONES, Plaintiff in Error,

v.

Bernadean JONES, Defendant in Error.

No. 36765.

Supreme Court of Oklahoma.

Feb. 21, 1956.

Roe & Roe, Frederick, Melton, McElroy & Vaughn, Chickasha, for plaintiff in error.

Chamberlin & Slagle, Frederick, for defendant in error.

DAVISON, Justice.

This appeal was perfected, by Blair Jones, the defendant in a divorce action wherein his wife, Bernadean Jones, was plaintiff, from an order of the court made upon his application to modify the original order as to care, custody and support of their three children. The parties will be referred to as they appeared in the trial court.

At the time of the divorce decree granted on June 29, 1953, the children were of the following ages: Milton Dean Jones, a son, age 10; Mary Ann Jones, a daughter, age 7; and John Clifton Jones, a son, age 5. The decree made provisions for their care, custody and support, as follows:

"It Is Further Ordered, Adjudged and Decreed By the Court That the Care, control and custody of the minor children above named, be and the same is hereby awarded to the plaintiff, with the right and privilege on the part of the defendant to have the custody of the above named Milton Dean Jones and John Clifton Jones during the months of July and August of each year, and the right and privilege of the defendant to see and visit said minor children during the remaining months of the year while in the custody of the plaintiff, so long as he complies with the order of this court for the support of said minor children, and the right and privilege of the plaintiff to see and visit said Milton Dean Jones and John Clifton Jones at reasonable times and places while in the custody of the defendant during the months of July and August of each year.

"It Is Further Ordered, Adjudged and Decreed By the Court that the defendant pay to the plaintiff, or to the Clerk of this Court, for the support of their minor children above named, the sum of $100.00 per month, except that if the defendant has the custody of the two minor children above named, during the months of July and August of each year, the child support payment shall be in the amount of $25.00 per month during said two months of July and August, and that the child support payment for the month of September, 1953, shall be in the sum and amount of $50.00, and in the sum of $100.00 per month thereafter during all of the months of the year, except during the months of July and August of each year when such child support payment shall be $25.00 if the defendant has the care and custody of the said Milton Dean Jones and John Clifton Jones during said two months.

" * * * That the child support payments as above set forth shall be and constitute a lien upon the undivided one-sixth (⅙th) interest of the defendant in and to the Northeast Quarter (NE¼) of Section Four (4), Township Four South (4 S), Range Sixteen (16) WIM., Tillman County, Oklahoma, as security for such payments to be made according to this decree.

"It Is Furthered Ordered, Adjudged and Decreed By the Court that in addition to the child support payments above set forth, the defendant shall pay to the plaintiff, from time to time, as the same may be and become necessary, *any and all necessary expenses of school supplies for said minor children, clothing for said minor children,* and any and all necessary medical, drug and surgical expenses for said minor children."

On July 15, 1954, defendant filed a motion seeking modification of all of that part of the divorce decree above quoted both as to custody and support and on November 1, 1954, the same was modified to the extent of eliminating that part thereof which is italicized as above shown. In all other

respects the motion to modify was denied. This appeal is from that order.

■ During the time intervening between the entries of the two orders there was a substantial compliance with all the provisions of the divorce decree by both parties. The record does not disclose any material change in condition of the parties since the divorce. This court has always adhered to the rule quoted in the case of Jackson v. Jackson, 200 Okl. 333, 193 P.2d 561, 562, to the effect that,

"'* * * A decree fixing the custody of a child is, however, final on the conditions then existing and should not be changed afterward unless on altered conditions since the decree or on material facts existing at the time of the decree but unknown to the court, and then only for the welfare of the child.'"

From the testimony of the defendant at the trial, it is apparent that his chief complaint was with reference to the allowance made for clothing and school expense for the children over and above the monthly payments of $100. The objected to provision was stricken by the trial court in the latter order.

■ In the case of Bashore v. Thurman, 152 Okl. 1, 3 P.2d 712, 79 A.L.R. 249, relied upon by defendant, this court was concerned with an award for child support which had been made a lien upon all property then owned or thereafter acquired by the defendant. The cited case was one in partition of a tract of land in which the defendant owned an undivided interest. It was held that unmatured installments of the award did not constitute a lien on the property. From a reading of that opinion and the case of Mansfield v. Hill, 56 Or. 400, 107 P. 471, 108 P. 1007, which was cited as authority, it is apparent that in both cases the courts were considering the statutes applicable to judgments, generally. They both held that the docketing of the decree for child support did not create a lien upon the property of the defendant because of the uncertainty of the amount ultimately to be paid. In the Bashore case, the lien was held to be non-existent as to unmatured installments but in effect as to those past due. The Bashore case does not take note of section 1277 of Title 12, O.S. 1951 which empowers and authorizes the court to make "provision for guardianship, custody, support and education of the minor children of the marriage." In making such provision, the legislature no doubt intended that the court should have implied authority to secure the performance of the decree. But the lien should be ordered only upon specific items of property and only in those cases where the sound legal discretion of the court dictates such procedure for the welfare of the children.

Plaintiff herein contends that the correctness of her position in support of the authority of the trial court to make the order is, by implication, recognized in the case of Bussey v. Bussey, 148 Okl. 10, 296 P. 401, wherein it was held in the syllabus that,

"An order made by a court for the payment by a parent of monthly sums over a period of years for the care and custody of minor children does not create a lien on the property of the parent in the absence of an order to that effect, and an order to that effect should be made only where the facts and circumstances disclosed by the evidence show a necessity therefor in order to insure the payment of the sums ordered to be paid."

In the cited case, the trial court decreed a lien upon all of defendant's property to secure the payment of the award for child support. On appeal, this court held, not that the trial court lacked authority to make the order, but that the making of it was an abuse of discretion. In the opinion it was pointed out that "the record shows that the defendant is a careful and conservative business man; that he had a high regard for his children, and that he is kind and considerate of them. If his natural inclination does not prompt him to take care of them, he is subject to process to compel him to do so. Damage rather than good will arise from making the payments a lien upon his property. * * * The amount of those payments for the term prescribed may aggregate a sum in excess of $17,000. To make the same a lien upon the property of the defendant would be to deprive him

of the privilege of dealing with his property. He could sell it only by securing in some manner the payment of the amount ordered to be paid for the care and custody of the minor children. That amount is indefinite, in that it is subject to be changed by order of the court to conform to changed conditions. The fixing of a lien against his property, under the circumstances in this case, in our opinion, would be an undue interference with his control of his property."

The case at bar is in nowise parallel to the last cited case. The record herein discloses that the defendant, during his entire married life, had acquired no other realty; that the specific property on which the lien was fixed was an undivided interest in a tract of realty, formerly inherited by the defendant; that he did not intend to sell it and that the lien did not materially handicap or inconvenience him in his business. The lien did and does constitute a security for the children. It should also be noted that, if conditions change, the trial court has jurisdiction to make the proper order to fit the occasion. Under much the same conditions, this court ordered that a lien be impressed on defendant's realty in the case of Allred v. Allred, 131 Okl. 55, 267 P. 842.

Many of the courts have held the same as the California Court, in the case of Merritt v. Merritt, 106 Cal.App. 234, 289 P. 240, that a divorce court has inherent authority to declare a lien on property to secure payment of the allowance for child support. In this jurisdiction, however, it is not necessary to determine the inherent power of the court in this regard because of Section 1277 of Title 12, O.S.1951, supra.

In the case of Davis v. Davis, 228 Iowa 764, 292 N.W. 804, 808, the Iowa Court went so far as to hold that, under a statute, I.C.A. § 598.14, authorizing "such order in relation to the children, property, parties, and the maintenance of the parties as shall be right", the court had implied authority to decree that, the awards for alimony and child support should be a lien upon any property which the defendant owned. Nu-

merous similar decisions are cited in the annotation in 169 A.L.R. 644. We do not interpret our statute, supra, to authorize the court to make the award a lien upon property other than as specifically described in the decree.

This court would have no hesitancy in overruling a judgment when an abuse of discretion is shown either in the fixing of a lien or in the amount of property subjected thereto in comparison with the amount of the award. But a careful review of the entire record herein does not disclose any abuse of discretion on the part of the trial court. A court cannot be expected, in such situations, to render a judgment entirely satisfactory to the parties. They have created the situation wherein the court must act. The guiding rule must always be that it is for the best interest of the children but within the capacity and ability of the parents. Nothing in the record herein indicates a violation of that rule.

Any statements, made in the Bashore v. Thurman case, supra, contrary to the views herein expressed are overruled.

The judgment is affirmed.

JOHNSON, C. J., and CORN, HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.

WILLIAMS, V. C. J., dissents as to granting of lien, concurs otherwise.

WELCH, J., dissents in part.

WELCH, Justice (dissenting).

I dissent to that portion of the majority opinion approving the fixing and maintaining of a lien on defendant's land for the future payments of child support. That portion of the original judgment should have been eliminated on this motion to modify. As I view the record there were no facts pleaded or presented, no fact findings made by the trial court, and no statutory or other legal authority, such as to justify and sustain the trial court in establishing and maintaining a lien on this land for payment of unmatured installments for child support running many years into the future, pos-

sibly for sixteen years during the minority of the son.

I am authorized to state that WILLIAMS, V. C. J., concurs in these views.