Wilma Dean **STANFIELD**, Plaintiff in Error,

v.

James A. **STANFIELD**, Defendant in Error.

No. 38557.

Supreme Court of Oklahoma.

March 8, 1960.

Ungerman, Grabel, Ungerman, Leiter & Unruh, Imogene H. Harris, Tulsa, for plaintiff in erorr.

Finch & Finch, Sapulpa, for defendant in error.

WILLIAMS, Vice Chief Justice.

The parties are referred to as they appeared in the trial court. Plaintiff, the husband, obtained a divorce from defendant in 1950. Custody of the two minor daughters of the parties was awarded to their father (plaintiff).

In 1958 defendant filed this motion to modify the divorce decree in so far as it pertains to such custody.

Defendant's evidence at the hearing of this motion shows that both parties have remarried, and that plaintiff has moved to California, taking the children with him; that defendant now has a home, and four children of her second marriage; that the home environment would be beneficial to the children involved herein, and that her present husband desires to take these chil-dren into their home and rear them as his own and that he is financially able to support such a family.

Plaintiff refused to give a deposition arranged by defendant's attorney, stating that he would appear at the hearing of this motion. Plaintiff did not appear, although represented by counsel, and no evidence was introduced as to the present welfare of these children and the environment in which they are now living. The trial court refused to modify the decree and defendant appeals.

Before any change in custody is made, it must be shown that since the entry of the decree, there has been a change of conditions affecting the welfare of the children and that the proposed change of custody would be for the children's best interests. See Jackson v. Jackson, 200 Okl. 333, 193 P.2d 561.

In considering whether there has been a change of conditions warranting a change of custody, the test is whether such conditions affect the welfare of the children and what such children's best interests demand.

In 27B C.J.S. Divorce § 317(2a), p. 539, it is stated:

"There has been no legal definition of the new or changed conditions or circumstances necessary to warrant a change of custody. What constitutes a change in circumstances and conditions must be decided in each case as it arises. In any event, the 'changed circumstances' rule is not absolutely ironclad and one to which there can be no possible exception; it is another form of evidence which the court may consider to decide the question of modification of custody orders.

"While proof of a change in conditions is a prerequisite to the modification of a custody decree, such proof does not necessarily require a modification. The mere fact that conditions have changed since the divorce of the parents is insufficient in itself to warrant a modification of the custody or-

der. Therefore, it is insufficient to establish some change in circumstances or slight change in conditions; there must be a showing of material, permanent, and substantial change in the circumstances or conditions of the parties, affecting the welfare of the children to a substantial or material extent, the two issues being closely interwined [sic]."

In the present case there has been a showing that defendant is now in a position to provide a home for these children in a good environment. However, there has been no showing that such home and environment is better than that provided by plaintiff and that a change would be of greater benefit to the children and their welfare. The only evidence as to these children's present surroundings is testimony of one witness that plaintiff is now living with his third wife, and that the children in former years did as they wished most of the time. Defendant's change of conditions alone is not sufficient reason, in our opinion, to require that these children be removed from their present surroundings and transplanted into an entirely new environment. We believe that the trial court's denial of a change of custody was proper, absent a showing of their present circumstances, and such action will not be disturbed on appeal unless so clearly against the weight of the evidence as to show abuse of discretion. Blake v. Blake, 182 Okl. 123, 76 P.2d 904; Culbertson v. Jones, 201 Okl. 341, 205 P.2d 878.

Near the end of the hearing of motion to modify, the mother's attorney suggested that she be granted "partial split custody" of the children "at least". The decree of divorce provided that defendant should have the right of visitation. Plaintiff, by removing the children to California, has rendered that right virtually meaningless. In determining the question of custody of children, the courts shall give due consideration to the rights of the parents. Bradford v. Bradford, Okl., 327 P.2d 684. We believe that the trial court should have modified the decree to provide that defendant may have custody and care of the children during the summer vacation period of each year from June 15 to August 15, either transporting such children or paying the expense of their transportation from their home in California to her home in Oklahoma and plaintiff either transporting them or paying the expense of their return home after each such visit.

The judgment is modified and affirmed as modified with directions to the trial court to enter up a modification thereof not inconsistent with the views herein expressed.

HALLEY, BLACKBIRD, IRWIN and BERRY, JJ., concur.

WELCH and JACKSON, JJ., concur in part and dissent in part.

DAVISON, C. J., and JOHNSON, J., dissent.

WELCH, Justice (concurring in part and dissenting in part).

I concur in that part of the opinion which affirms the judgment of the trial court in denying a permanent change of custody of the minor children involved.

As to that part of the opinion which deals with summer visitation and transportation, since that matter was not specifically presented to and passed upon by the trial court, I think it would be much better if we remanded the cause to the trial court with directions to hear the parties on this matter, and to fix such period of visitation and such details as to transportation expense as the trial court deems justified and proper and to the best interest of the minor children involved. It is my view that the trial court would be in better position, after hearing the parties on that point, to fix the time and duration of such visiting periods, so as to better serve the needs of the children and the convenience of the two families involved.