Vincel SUNDGREN, Plaintiff in Error,

v.

Sarah Elizabeth SUNDGREN,
Defendant in Error.

No. 38931.

Supreme Court of Oklahoma.

June 6, 1961.

Rehearing Denied Aug. 1, 1961.

G. C. Spillers, Jack R. Givens, and A. E. Montgomery, Tulsa, for plaintiff in error.

John S. Carlson, Sam P. Daniel, Jr., Tulsa, for defendant in error.

BERRY, Justice.

The parties who appear here in reverse order to their appearance in the trial court, will be referred to as they appeared in said court.

On October 8, 1957, a divorce was granted plaintiff in the instant case. In so far as material to the issues presented by this appeal, it was provided in the decree of divorce that plaintiff should have custody of the minor daughter of the parties and that defendant should have custody of their minor son with visitorial rights resting in each party. In connection with said custody, this provision was made in the decree:

"(4) Neither party shall remove the child given to such party, permanently or for any appreciable period of time, except for educational purposes, from Tulsa County, Oklahoma, without the written consent of the other party or without permission of the court granted after due notice."

On August 18, 1959, plaintiff caused to be filed below a verified pleading denominated "Application for Citation for Contempt and Motion to Modify". She therein alleged in substance that defendant had violated the above-quoted provision of the Divorce Decree in that she had been "advised that defendant intended to cause William Vincel Sundgren to be sent from this county and state into the State of California, which trip preceded the returning of William Vincel Sundgren to an eastern school and which trip had no connection with his schooling"; that "Upon receipt of this information this plaintiff advised defendant by written letter that she did not consent to such removal of the child from this county and that any such removal of the child without the court's permission would be in violation of the divorce decree"; that "Defendant did secretly and without consulting plaintiff or this court cause said child to be sent to California, all in violation of the order of this court"; that "Plaintiff further moves the court to modify the decree rendered herein insofar as said decree and the language thereof pertain to the care and custody of William Vincel Sundgren."

Following the filing of the above referred-to application, a citation for contempt was issued and served upon defend-

ant. Defendant did not respond to the application or citation but did appear in person and through counsel on the date that the contempt citation was set for hearing.

At the hearing, counsel for plaintiff stated to the court that defendant permitted the minor son to make a trip to California; that the son was in California three weeks; that as a result of said trip plaintiff, for two weekends, was deprived of visitorial rights granted under the divorce decree; that counsel was unable to construe the phrase "for any appreciable period of time" used in that portion of the decree which is in controversy; that the paragraph should be clarified so as to clearly state the conditions under which either of the children could be removed from this State; that unless clarified, the parties would probably be back before the court claiming that the provision had been violated.

Upon the trial court's indicating that he was of the opinion that the paragraph was ambiguous; that for said reason defendant would not be held in contempt of court; that being ambiguous, the paragraph should be clarified and made definite and certain, counsel for defendant advised the court that a change in conditions affecting the custody of the children had not been shown and for said reason the court was without jurisdiction to change the wording of the paragraph and thus alter the custodial provisions of the divorce decree.

The remarks of the trial court clearly indicate that the statements made in the verified application and by counsel for plaintiff were accepted as true and that such was the understanding of counsel for defendant. Counsel for defendant nevertheless failed to advise the court that the facts were otherwise than the court understood them to be and to the contrary led the court to believe that defendant's position was that the "action for contempt proceedings did not amount to anything"; that under the facts a change in conditions affecting the custody of the children had not been shown and for said reason the divorce decree should be treated as conclusive on the issue relative to modifying paragraph "4" of the decree.

At the conclusion of the hearing at which no evidence was introduced, the court found and ordered that the application for contempt be denied; that paragraph 4 of the decree be revised and modified so as to read thus:

"(4) Neither the plaintiff nor the defendant shall remove the child in his or her custody from the State of Oklahoma, except for regular school purposes, without the written consent of the other party, or without permission of the court granted after due notice and hearing."

From the referred-to order, defendant perfected this appeal.

For reversal, defendant contends that "It was an abuse of discretion, and the trial court was without power to modify the provisions of the divorce decree pertaining to the custody and control of minor children, without evidence, stipulations, or admissions of a change in conditions."

We are unable to agree that the appealed-from order is not based upon evidence or admissions. Where a party causes a court to understand that certain facts are admitted, he cannot object to a hearing being conducted on the basis of said understanding. See 88 C.J.S. Trial § 58, p. 161, and Dalton v. Post Pub. Co., 328 Mass. 595, 105 N.E.2d 385. Compare Dutton v. Dutton, 97 Okl. 234, 223 P. 149. Therefore, to our way of thinking the findings of the trial court to the general effect that the phrase "for an appreciable period of time" appearing in paragraph 4 of the decree was ambiguous and under the facts it was to the best interests of all concerned that said paragraph be clarified was supported by proof.

Our conclusion in the foregoing particulars is not, however, dispositive of the principal issue presented by this appeal, which issue is whether the change in the wording of paragraph 4 served to materially change the custodial provisions of the di-

vorce decree. If this it did, the order must be vacated. See Stanfield v. Stanfield, Okl., 350 P.2d 261; Jones v. Jones, Okl., 294 P. 2d 304, 59 A.L.R.2d 651; and Ness v. Ness, Okl., 357 P.2d 973.

It is apparent to us that the complained-of change in paragraph 4 did not take from either party the custodial rights theretofore resting in them under the divorce decree. To the contrary, said change only served to impose upon each party an incidental condition relative to said rights, which condition was that neither child should be removed from the State except for regular school purposes without consent of the other or permission of the court.

In Garner v. Garner, 143 Okl. 183, 288 P. 298, 299, the father was given custody of his minor child on Saturday of each week. He was ordered to pay $40 per month for support of the child. The father filed an application seeking to modify the decree so as to reduce the child support payment to $30 per month and change the custodial provision so as to grant him custody of the child during the last week of each month of the school vacation period instead of custody each Saturday. The mother defended on the grounds that there had been no change in the condition of the parties and for said reason the father was not entitled to relief. The trial court modified the custodial provisions of the decree in accordance with the father's request but declined to decrease the support payments. The mother appealed. In sustaining the trial court it was pointed out the rule that a substantial change in conditions must be shown before the custodial provisions of a divorce decree will be modified, only applies "in cases where the general or permanent custody of a child is changed from one party to another."

The Garner case was cited with approval in Searle v. Searle, 115 Colo. 266, 172 P.2d 837, 839, in which case this was said:

"(3) The courts in some jurisdictions, see Garner v. Garner, 143 Okl. 183, 288 P. 298, and Fay v. Fay, 12 Cal.2d 279, 83 P.2d 716, distinguishing

between situations wherein an exclusive change in the permanent custody of the child is sought, * * * and those in which, as in the case at bar, only a temporary alternating division thereof is involved, have held that cases within the latter category constitute exceptions to the general rule, and that therein modification may be ordered without the necessity of a showing of change in circumstances or of the condition of the parties. * * *"

In Evans v. Evans, 195 Miss. 320, 15 So. 2d 698, 700, where the Garner case was also cited approval, the Court said that "Under modern authorities this minor measure of modification is allowable even in the absence of any substantial changes in the surrounding circumstances when viewed merely from the factual standpoint. The modern rule is that it is only when there is a substantial modification of the custody decree that a substantial change of circumstances must first be shown."

For reasons stated, the order of the trial court is affirmed.