**Lloyd E. LEE, Plaintiff In Error,**
**v.**
**Joan M. LEE, Defendant In Error.**
**No. 40560.**

Supreme Court of Oklahoma.

July 21, 1964.

Miskovsky, Sullivan, Embry & Miskovsky, Oklahoma City, for plaintiff in error.

T. R. Benedum and Fielding D. Haas, Norman, for defendant in error.

JACKSON, Justice.

This is an appeal from the judgment of the trial court refusing to modify the child custody provisions of a divorce decree entered in 1953 in a case in which Joan M. Lee (now Sides) was awarded a decree of divorce from Lloyd E. Lee. At that time custody of the two year old daughter of the parties had been awarded to the mother.

In December, 1962, the father filed a motion to modify the decree with reference to the custody of the child, in which he made, among others, the following allegations:

"That said minor child of the parties has been under the care, custody, and control of Mr. and Mrs. Lem Madden, the maternal grandparents, for a period of over 8 years since said decree was made and entered herein, and has been under their care, custody and control continuously during the past 5 years, and is now in their actual care, custody and control;

"Defendant further states that the plaintiff is not a fit and proper person to have and exercise the responsibility of the care, custody and control of said minor child;

"Further, that the plaintiff is presently residing in Houston, Texas, and maternal grandparents reside at 4605 South Melrose, in Oklahoma City, Oklahoma, and the defendant resides in the State of California; and

"That, by reason thereof, the best interests and welfare of the minor child of the parties will be best served, promoted and enhanced by awarding her to the care, custody and control of the maternal grandparents."

The father's motion was verified by his attorney, and the father did not appear at the hearing upon the motion. The mother filed a response which amounted to general and specific denials of the material allegations together with an "Application for Enforcement of Provisions of the Divorce Decree with Reference to Custody of Minor Child". As a practical matter, it may be said that the contest was between the maternal grandparents of the child and the mother of the child. At the conclusion of the hearing on the motion the trial court entered judgment refusing to modify the child custody provisions of the original

divorce decree, and leaving custody of the child, who was about 12 years old at the time of the hearing, with the mother.

On appeal, the father argues the general proposition that under the facts and circumstances disclosed by the evidence, the trial court abused its discretion in refusing to modify the original decree. He cites Baker v. Bursch, Okl., 374 P.2d 31; Miracle v. Miracle, Okl., 360 P.2d 712, and other cases in support of this proposition. In her answer brief, the mother cites Culbertson v. Jones, 201 Okl. 341, 205 P.2d 878; Roberts, et ux. v. Biggs et ux., Okl., 272 P.2d 438; and Marcum v. Marcum, Okl., 265 P.2d 723.

■ There is no substantial dispute as to the applicable law in this case, and the parties agree that "the paramount consideration of the court should be the best interest of the child." Baker v. Bursch, supra; 30 O.S.1961 §§ 11 and 12.

■ We have carefully reviewed the record before us, and while it may be conceded that the father produced evidence bringing into serious question the fitness of the mother at various times during the intervening years, he produced no evidence as to her present fitness, or her situation and circumstances in her present home in Houston, Texas. No witness produced by the father had ever been in her present home, and there was no testimony indicating that it would be an unsatisfactory environment for the child. The mother testified that she is happy with her present husband, that she wants the child and would be at home to take care of her. The husband testified that he is an engineer earning about $6000 per year, that he and his wife own their home in Houston, and that he wants his wife to have the child.

Without further summarizing the evidence, it is sufficient to say that each party produced evidence tending to support the respective pleadings, and that insofar as the evidence was in conflict, the trial court by its judgment inferentially accepted that of the mother and rejected that of the father. After a careful consideration of the entire record, we cannot say that the trial court abused its discretion.

In the determination of the custody of a minor child the best interests of the child should be the paramount consideration of the court, and where it does not appear that the trial court abused its discretion, this court will not reverse the order of the trial court. Gilcrease v. Gilcrease, 176 Okl. 237, 54 P.2d 1056.

The judgment of the trial court is affirmed.

HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.