## EVANS v. EVANS.

(In Banc. Nov. 22, 1943. Suggestion of Error Overruled Jan. 10, 1944.)

[15 So. (2d) 698. No. 35475.]

Jeff Collins, of Laurel, for appellant.

Welch & Cooper and G. W. Hosey, all of Laurel, for appellee.

**Anderson, J.,** delivered the opinion of the court.

This is an appeal by the mother of James E. Evans, a minor, from the decree of the chancery court of Jones County, modifying a decree made at a former term of the court with a reference to the custody of the child as between herself and the appellee, George W. Evans, her husband and father of the child. They were divorced in November, 1941. At that term of the court a decree was made awarding the father, to a very large extent, the custody of the child, who was about seven years of age. At the November, 1942, term of the court, on the application of the mother (the father having married again) the decree was modified to the extent that the father was only permitted to have the custody of the child Sunday afternoons from one to six o'clock.

At the April term of the court, on the application of the father, a decree was rendered giving the father exclusive custody of the child for the month of July of each year. That decree left the Sunday visits in force, as provided in the modified decree. In addition, it provided as follows: "Thereafter the said mother shall have the exclusive possession of the said child except Sunday afternoons between the hours of one o'clock and six o'clock, as heretofore fixed by the decree of this court. The period dur-

ing which a parent shall have exclusive custody of the said child is subject to the normal health and normal conditions and in the case of sickness or other urgent necessity, then the parent not having at the time exclusive custody of the said child, shall have the right to visit said child at any and all reasonable times.''

The changes in the surroundings and relations of the parties, as alleged in the petition of the father, and supported by the evidence, were that the child was approaching nine years of age; that he was devoted to his father; that his father had horses, and the child loved to go on horseback trips with his father; that the father desired, and the boy would love, to go on business trips with him; that such plans were materially interfered with, and often prevented, by the decree fixing the father's custody on Sunday from one to six o'clock in the afternoon. The chancellor found that these were material changes, and modified the former decree to the extent above set out.

We are of the opinion that, under the authority of section 1421, Code 1930, the decree ought to be affirmed, notwithstanding the former decree was, as contended by the appellant, the ex-wife, res judicata as to the facts then existing, upon which it was based. We think the subsequent changes in the relations of the parties were sufficient to justify the decree. ''In any contest concerning the custody of a minor child, the best interests and welfare of the child are the matters of chief importance.'' 39 Am. Jur., page 607, sec. 20. ''In view of the ever-changing conditions of fortune and society, it is clear that if the courts are adequately to carry out their duty of protecting and fostering the welfare of children in making awards of their custody, it is necessary for them to reconsider such awards where the circumstances of the case change after the entry of the original decree, and if the welfare of the child requires it, to modify the decree and make a changed or altogether different disposition of the custody of the child. There would seem to be no question but that the courts have the

power to do this. . . . Unless new facts are shown to exist, the previous decision of a competent court with respect to the custody of a child will ordinarily be regarded as res judicata, although not where the circumstances have changed since the entry of the original decree.'' 39 Am. Jur., page 614, section 25.

Affirmed.

**Griffith, J.,** delivered a specially concurring opinion.

A close and candid examination of this record discloses, in my judgment, that no substantial change in the factual circumstances had occurred between October 29, 1942, when the decree awarding the custody of the child to the mother with right of visitation and temporary custody once each week to the father was made, and April 30, 1943, when the modified decree here complained of was entered. Indeed, the only factual change was that the child had become six months older; but this of itself and in such a short time is not enough to permit a modification of a former decree, for this change is present in all such cases.

What happened here was that it was found during and by the experience of the six months' time, the arrangement of the October decree was one which was impracticable and unworkable if either the child or his father were to obtain any benefit or pleasure from their association with each other, and the court upon a more mature consideration and reflection saw that such was the case and modified the decree so as to give such time to the father as would make the association of some benefit to the child, rather than scarcely any at all as resulted from the October decree, and hence the court modified the decree so as to allow the father the temporary custody during the vacation month of July.

Under modern authorities this minor measure of modification is allowable even in the absence of any substantial changes in the surrounding circumstances when viewed

merely from the factual standpoint. The modern rule is that it is only when there is a substantial modification of the custody decree that a substantial change of circumstances must first be shown. And time out of mind the chancellors of this state have so construed their powers under what is now Section 1421, Code 1930; they have modified custody decrees in matters of minor detail when experience under a former decree has shown the modification to be to the child's interest, and this although the general situation of the parties remained substantially the same, and in this they are within their authority.

This is illustrated by the case, Garner v. Garner, 143 Okl. 183, 288 P. 298, 299, under statutes similar to ours, and where the facts are squarely in point. There the decree was modified from a week-end custody to one allowing the father the entire week at the end of each of the vacation months of June, July, and August. It was complained that there had been no proof of any change in the circumstances, but the court said that the rule as to change in circumstances applies only in cases ''where the general or permanent custody of the child is changed from one party to another,''—not ''in cases where there is only a change in dates or periods within which one party may have the temporary care and custody of the child for the purpose of visitation, where there is no general change in its custody, such as in the instant case.''

The modification within the rule contended for by appellant has reference to a major modification, one which goes to the general force and effect of the decree, not to a minor modification, which, when made, still leaves the former decree in its substantial aspects in full force. And since decisions of courts are to be interpreted in the light of the precise facts in respect to which the decision is made, which has actually been decided by the court in this case has been that which is set out in this and the two foregoing paragraphs of this concurring opinion—

326

a matter which any party interested in such cases may ascertain for himself by an examination of this record as it remains on file in this court.

**McGehee, J.,** and **Smith, C. J.,** concur in this opinion.