TIGHE *v.* TIGHE

No. 41540 October 24, 1960 123 So. 2d 623

*Forrest B. Jackson,* Jackson, for appellant.

*Scales & Scales, Pyles & Tucker,* Jackson, for appellee.

ARRINGTON, J.

On August 7, 1959, the appellee was granted a divorce from the appellant and was awarded the custody of their two minor children. The court awarded the appellee $125 per month as alimony and $125 per month as support and maintenance for the two minor children. The appellee was granted the use of the home and furniture and the decree further provided that the appellee was to pay out of the $250 awarded to her the monthly installment of $75 on the notes on the house; that the appellee was to keep the minor children within the Jurisdiction of the court and was prohibited from removing said children beyond the jurisdiction of the court unless prior application was made to the court and permission granted. Appellee was allowed $200 to apply on her attorneys' fees. From this decree the appellant appeals and the appellee cross-appeals.

■■ ■ We have carefully considered the evidence in this case and find that the chancellor was amply justified in rendering this decree. ■■ ■ The appellee's motion for the allowance of attorneys' fees in this Court in the amount of $100 is sustained. It follows that since we find no merit in the appeals, the case is affirmed on direct and cross-appeal.

Affirmed on direct and cross-appeal. Motion for allowance of attorneys' fees in amount of $100.00 sustained.

*McGehee, C.J.,* and *Kyle, Ethridge* and *Gillespie, JJ.,* concur.

## ON SUGGESTION OF ERROR

ETHRIDGE, J.

 ██ The suggestion of error argues that it was error to sustain appellee's motion for allowance of attorneys' fees in this Court in the amount of $100. That sum is one-half of the fee allowed by the chancery court, and is in accord with our long-established practice. See Aldridge v. Aldridge, 200 Miss. 874, 27 So. 2d 884 (1946). An exception to this rule exists where the permanent alimony awarded to the wife gives her sufficient means to meet the obligation of attorneys' fees on appeal, but we concluded that this case did not fall within that exception. We adhere to that view.

 ██ However, appellant says that since appellee, who made the motion for additional attorneys' fees on appeal, filed no brief in support of it, the motion should have been dismissed. Rule 16 of this Court provides that, if counsel is not present and has no brief filed when the motion is called, it shall be dismissed. Lewis v. Lewis, 203 Miss. 355, 35 So. 2d 441 (1948). *Lewis* is not controlling here, because appellee's motion contained what was in effect a brief in support of it: It stated that the Court's policy was to award attorneys' fees on appeal of one-half of that allowed by the trial court; and counsel for appellee represented her on appeal, and had rendered good and valuable services in her behalf. There really was not much else that movant could say in support of her motion. It was the substantial equivalent, under the peculiar circumstances of this case, of a brief in support of appellee's motion, within Rule 16.

Moreover, the motion was filed on Friday, September 30, appellant answered the same day, and the case was submitted without argument on the following Monday, October 3, both on the merits and on motion. Appellee's brief was entitled ''On Behalf of Appellee and Cross-Appellant, and Motion for Additional Attorneys' Fees on Appeal.'' Appellee fully discussed the facts of the case in this brief. It was pertinent on the issue of whether she should be allowed attorneys' fees on appeal. And in it appellee referred to her motion and the custom of this Court in that respect. Hence we do not think that *Lewis* is controlling on the motion. The suggestion of error is overruled on both argued points.

Suggestion of error overruled.

*McGehee, C.J.*, and *Kyle, Arrington* and *Gillespie, JJ.*, concur.