## TIGHE *v.* MOORE

No. 42559          April 22, 1963          151 So. 2d 910

*Roger C. Landrum*, Jackson, for appellant.

.

*Bob Ray,* Jackson, for appellee.

KYLE, J.

This case is before us on appeal by Bowman Stirling Tighe, the father of two minor children, Lynn Adelaide Tighe and Bowman Stirling Tighe, Jr., from a decree of the Chancery Court of the First Court District of Hinds County, rendered in favor of Mrs. Lou Frissell (Tighe) Moore, the mother of said minors, who had been awarded the custody of the minors, modifying a decree entered on December 28, 1960, granting temporary alternating custody and visitation rights to the appellant.

The record shows that the appellee was granted a decree of divorce from the appellant by the Chancery Court of the First Judicial District of Hinds County on August 7, 1959, in Cause No. 55,727, as shown on the Docket of said court. In the decree the court awarded to the appellee the custody of the two minor children, Bowman Stirling Tighe, Jr., and Lynn Adelaide Tighe; and reasonable rights of visitation were awarded to the appellant. The decree provided that the appellant should pay to the appellee the sum of $125 per month as alimony, and the additional sum of $125 per month for the support and maintenance of the two minor children. The appellee was ordered to keep the two minor children within the jurisdiction of the court, and was prohibited from removing the children beyond the jurisdiction of the court without permission granted by the court. An appeal was taken from that decree to this Court, and on October 24, 1960, this Court affirmed the decree of the lower court. Tighe v. Tighe, 239 Miss. 666, 123 So. 2d 623.

While the cause was pending on appeal to this Court a decree was entered by the chancellor on April 28, 1960, granting the appellee permission to take the children out of the jurisdiction of the court, and providing

for visitation by the appellant while the children were in Little Rock, Arkansas. In that decree the appellee was required to execute a bond in the sum of $1000 conditioned that she would faithfully perform all obligations set forth in the decree and would thereafter submit herself and the children to the jurisdiction of the court. The performance bond was filed and approved on May 23, 1960; and for a period of several months thereafter the appellee and the two children resided with the appellee's parents in Little Rock, Arkansas. On October 24, 1960, an order was entered granting the appellant additional visitation rights while the children were in Little Rock, Arkansas, during the Thanksgiving vacation period.

On December 21, 1960, the appellant and the appellee approved an agreed decree setting out certain visitation rights on behalf of the appellant, which was approved and signed by the chancellor on December 28, 1960. Six days before the signing of the last mentioned decree, the appellee, Mrs. Lou Frissell Tighe, married W. S. Moore, a practicing attorney in Jackson, where she and Mr. Moore now reside. The visitation rights of the appellant provided for in the agreed decree cover approximately three pages. The basic provisions of the decree were as follows: (1) Regular week end visits, to include every week end in the calendar year, except as thereinafter stated, from 4:00 P.M. on Friday until 7:30 P.M. on Saturday, and from 2:00 P.M. on Sunday to 7:30 P.M. on Sunday; (2) Special week end and holiday visits, to include week ends and holidays thereinafter stated, from 4:00 P.M. on the last day of school for children preceding the holiday until 7:30 P.M. on the day preceding the first day of school for children after the holiday; spring holidays or Easter; July 4th holidays; Labor Day holidays; Thanksgiving holidays; Christmas vacations and holidays; and additional special days, including Father's Day, Mother's Day, etc.

The decree provided further that the provisions of the decree for divorce relating to the requirement that appellee obtain permission of the court prior to taking the minor children beyond the jurisdiction of the court, should be modified to the extent that such permission should not be thereafter required for out of state visits not exceeding fourteen days. Other provisions of the decree are not involved in the issue presented for our decision on this appeal.

In all of the above mentioned proceedings the petitions and decrees of the lower court were docketed in Cause No. 55,727, which was the docket number given to the original proceeding for divorce which was granted on August 7, 1959, and all of the above mentioned decrees were signed by S. V. Robertson, Jr., Chancellor.

On July 2, 1962, the appellee, Mrs. Lou Frissell (Tighe) Moore, the mother of the two children, filed her petition in the chancery court, in Cause No. 55,727, asking that the court modify the decree of December 28, 1960, relating to the visitation rights of the appellant. In her petition the petitioner alleged that there had been a material change in circumstances of the parties since the rendition of the agreed decree of December 28, 1960; that soon after the decree was entered she realized that the visitation arrangement established by the terms of the decree was harmful and injurious to the children, and that after waiting eighteen months she realized that the visitation arrangement set forth in the agreed decree was impracticable and unworkable. The petitioner alleged that the children during the last eighteen months had made many and lasting friends in their neighborhood; that the children had arrived at the age when they could visit in the homes of their little friends during the week ends and have their little friends visit in their homes; and it was not to the best interest of the children that they should be required to leave their homes and

friends practically every week end during the school year.

The petitioner further alleged that, because of the unreasonable and impracticable visitation schedule set out in the decree, the children did not have a sense of permanency in their home and had not been able to enjoy their association with their mother during the week ends, thus depriving them of the pleasure and enjoyment of having a mother to do with them and for them the little things that they would treasure for the rest of their lives; and that because of the confusion created by the visitation provided for in the decree, the children had become uncertain and emotionally unstable. The petitioner further alleged that the material changes in circumstances mentioned above were due in part to the fact that the children were older, and that it was for the best interest of the children that the former decree be modified. Petitioner also alleged that the performance bond required of her under the decree of April 28, 1960, should no longer be required of her, for the reason that she was now living with her husband in the City of Jackson and within the jurisdiction of the court, and there was no longer any necessity for such bond. Petitioner therefore prayed that process be issued for the defendant, commanding him to appear and show cause why the decree of December 28, 1960, should not be modified so far as visitation was concerned, and why the decree of April 28, 1960, should not be modified so as to eliminate the necessity for a performance bond.

The respondent filed his answer to the above mentioned petition on July 27, 1962; and in his answer the respondent denied that there had been a material change in the circumstances of the parties since the rendition of the decree of December 28, 1960. The respondent averred that the decree had been agreed to and signed by the petitioner and her attorney after every provision therein had been submitted to and discussed with her.

The respondent denied that the custody and visitation established in the agreed decree was harmful or injurious to the children in any manner. He denied that the custody and visitation provisions of the agreed decree were unreasonable, impracticable or unworkable. The respondent also denied that the performance bond executed by the petitioner pursuant to the decree of April 28, 1960, should be cancelled. The respondent incorporated in his answer a "special plea of res judicata."

The cause was heard on July 27, 1962. The petitioner and the respondent both testified during the hearing, and several other witnesses were called to testify on behalf of the respective parties. It is not necessary that we undertake to summarize the testimony in this opinion. At the conclusion of the evidence the chancellor dictated into the record his findings of fact and his conclusions of law. The chancellor found that there had been a material change in the circumstances of the parties since the order of April 28, 1960 was entered granting permission to the petitioner to take the children out of the jurisdiction of the court, and that a material change of circumstances had taken place since the entry of the agreed decree dated December 28, 1960, and that the best interest of the children and the parties would be served if the decree of December 28, 1960 were modified.

The chancellor therefore ordered that the decree dated April 28, 1960, be modified to the extent that the petitioner be relieved of the requirement to post a bond to insure her faithful performance of the orders of the court, and that the bond executed by the petitioner on May 5, 1960, be cancelled and that the sureties be relieved from further liability thereunder, except any liability which may have accrued during the time the bond was in effect.

The chancellor further ordered that the agreed decree entered on December 28, 1960, be modified and changed

to the extent that the provisions of the decree giving the respondent custody and visitation rights with the children on regular week ends, including every week end in the calendar year except as therein stated, and on special week ends and holidays be deleted; and that in lieu thereof respondent be awarded the temporary custody and visitation rights with the two children, outside of the home of the petitioner, on the first week end of each and every month, such week ends to begin at the hour of 4:00 P. M. on the first Friday of each month, and to end at 7:00 P.M. on the following Sunday night, and that the respondent have the temporary custody and visitation rights with the two children, outside of the home of the petitioner, on the third Saturday afternoon of each month, and that the respondent have the exclusive care, custody and control of the two children from the first day of July of each and every year until the fifteenth day of August, pending further orders of the court, and during the Christmas holidays from December 26 until December 31. The respondent's special plea of res judicata was overruled. It was further ordered that the mother of the two children retain the exclusive care, custody and control of the two children at all times except as otherwise provided for in the new decree.

From that decree the respondent Bowman Stirling Tighe has prosecuted this appeal with supersedeas.

The appellant has assigned and argued four main points as grounds for reversal of the decree, viz.: (1) That the lower court erred in prejudging the case against the appellant by announcing at the beginning of the hearing on the petition for modification of the decree dated December 28, 1960, and again during the course of the hearing, that it had prejudged the case, and in denying the appellant a fair and impartial trial; (2) that the court erred in overruling the appellant's "special plea of res judicata," contained in the appellant's

answer to the petition to modify the agreed decree; (3) that the court erred in its finding that there had been a material change in the circumstances of the parties, which warranted a change in the custody and visitation rights of the appellant, and in its finding that the best interest and welfare of the children demanded that the provisions of the agreed decree be modified; (4) that the court erred in modifying the provisions of the decree of August 7, 1959, which required the appellee to obtain permission of the court prior to any removal of the minor children beyond the jurisdiction of the court, and in relieving the appellee and her sureties from further liability on the performance bond executed by the appellee pursuant to the order of the court dated April 28, 1960.

(Hn 1) We think there is no merit in the appellant's contention that he was denied a fair and impartial hearing on the petition for modification of the agreed decree of December 28, 1960. It is true that the court, at the beginning of the hearing, expressed disapproval of the schedule of visitation set forth in the agreed decree, which the court described as "the most complicated and the most intricate system of visitation that I have ever seen," and "not for the best interest of these children," and that the court also said: "I don't intend to hear much testimony on this in defense of this agreed decree by virtue of the fact that it was agreed to." But, notwithstanding the remarks made by the court, it appears from the record that we have before us that the court granted a full hearing to the parties on the issues presented by the pleadings. The hearing consumed several hours, and the testimony of the appellant and the appellant's witnesses cover more than one hundred pages of the 236-page transcript of testimony that we have before us. The chancellor was not disqualified from hearing the case. No request was made by the appellant's attorney that the chancellor recuse himself, or that the

case be transferred to another division and be heard by another chancellor. The record does not reflect any personal bias of the trial court toward the appellant.

A careful reading of the record shows that the trial judge was fair and impartial in the rulings made by him on the evidence. The only ruling on the evidence to which exception has been taken in the appellant's brief filed on this appeal relates to the ruling of the court on the appellant's offer of proof to establish a need for a continuation of the obligation of the performance bond, which the court had required the appellee to execute when she carried the children with her to Little Rock, Arkansas, for an extended stay with her parents prior to her second marriage; and on that issue the appellant's attorney was permitted to state into the record the appellant's position that there was still a need for the bond as evidenced by the fact that the appellee had removed herself and her children from the State of Mississippi to the State of Arkansas "three times within the last year .and a half." We think that the ruling of the trial judge on that point was not prejudicial to the rights of the appellant.

The appellant has cited numerous cases in support of his contention that he was denied a fair and impartial trial. But the cases cited by the appellant involved instances where the appellants were deprived of their right to present evidence, and none of those cases are applicable to the facts in this case. There was no denial of the appellant's constitutional right to a fair and impartial trial.

(Hn 2) We also think there is no merit in the appellant's contention that the court erred in overruling the appellant's special plea of res judicata, or that the court erred in its finding that there had been such change in the circumstances of the parties as warranted a change in the temporary custody and visitation rights of the appellant, or that the court erred in its finding that

the best interest and welfare of the children demanded that the provisions of the decree of December 28, 1960, he modified.

Section 2743, Code of 1942, Rec., provides as follows: "When a divorce shall be decreed from the bonds of matrimony, the court may, in its discretion, having regard to the circumstances of the parties and the nature of the case, as may seem equitable and just, make all orders touching the care, custody and maintenance of the children of the marriage, * * * and the court may afterwards, on petition, change the decree, and make from time to time such new decrees as the case may require * * *."

In Bunkley and Morse's Amis on Divorce and Separation in Mississippi, p. 316, Sec. 16.08, it is said: "The custody and support of children may be decreed by the court in any divorce or separate maintenance proceeding or on a writ of habeas corpus. In every such case the decree is conclusive of the facts then existing. The court will always hear and inquire into any substantial change of circumstances and make such new decree as the facts may seem to warrant."

(Hn 3) The mere fact that the children were older at the time the decree appealed from was entered would not in itself constitute such change in circumstances and surroundings as to justify a change in the general or permanent custody of the children from one party to the other. But the issue which the chancellor was called upon to decide did not involve the permanent custody of the children, but only a change in dates and periods of time during which the appellant was to have the temporary care and custody of the children for the purpose of visitation. The question which the chancellor was called upon to decide was whether or not the circumstances and surroundings of the children at the time of the hearing on the petition to modify the agreed

decree were such as to require a change in the schedule of visitation established by that decree.

The evidence shows that at the time of the rendition of the agreed decree Lynn Adelaide was seven years of age and that Bowman Stirling was 5½ years of age. During much of the time since the separation of their parents in April 1959 the children had been deprived of the benefits of a fixed place of residence and a stable family life. For a period of ten months next preceding the date of the agreed decree the children had lived with their mother in the home of their mother's parents in Little Rock, Arkansas. After their mother's second marriage they returned to Jackson and moved into a new home. Both of the children had reached school age and during the next succeeding eighteen months the children made new friends among the school children of their own ages and other children in the neighborhood; and at the time of the hearing of the petition for modification of the agreed decree the children had become accustomed to a stable family life and a friendly association with other children at home and on the play grounds. The testimony was conflicting on the issue as to whether the children were upset by the enforced observance of the terms of the agreed decree, and whether the visitation arrangement provided for was detrimental to the best interests of the children. The appellee testified that the children had cried frequently when they had to leave home to go with the appellant at the week end, and that on several occasions the children had requested the appellant to permit them to remain at home and their request was refused. The testimony of the appellee was corroborated in part by two other witnesses who observed instances when the children became upset at having to leave home.

(Hn 4) From the testimony as a whole we think the chancellor had a right to conclude that the children had reached the age when it was not to their best interest

that their custody be shifted from one home to another during each week end through the school year; and that it was not to the best interest of the children that they be deprived of the privileges enjoyed by other children of spending part of their week ends at home with their mother and among their friends and playmates. We think it cannot be said that the chancellor erred in his finding that the schedule of visitation provided for in the agreed decree was impracticable, and that the week end changes of custody were not for the best interest for the two children under the circumstances existing at the time of the hearing.

In Evans v. Evans, 195 Miss. 320, 15 So. 2d 698, the Court had under consideration a factual situation which resembled in many respects the factual situation in this case. In that case the parties had been divorced in November 1941 and a decree had been entered awarding to the father, to a very large extent, the custody of a 7-year old minor child. At the November 1942 term of the court, on application of the mother, the decree was modified to the extent that the father was only permitted to have the custody of the child on Sunday afternoons from 1:00 P.M. until 6:00 P.M. At the April term of the court, five months later, on application of the father, a decree was rendered giving to the father exclusive custody of the child for the month of July each year. The decree left the Sunday visits in force. On appeal by the mother this Court affirmed the chancellor's decree.

The changes in the custody decree in that case, as in the case that we have here, were of a minor nature, in that the changes did not affect in any material way the permanent custody which had been awarded to the mother. As stated by Judge Griffith in his specially concurring opinion in that case, ''The modern rule is that it is only when there is a substantial modification of the custody decree that a substantial change of cir-

cumstances must first be shown. And time out of mind the chancellors of this state have so construed their powers under what is now Section 1421, Code 1930; they have modified custody decrees in matters of minor detail when experience under a former decree has shown the modification to be to the child's interest, and this although the general situation of the parties remained substantially the same, and in this they are within their authority.''

(Hn 5) The fact that the decree of December 28, 1960, was agreed to by the appellant and the appellee at the time the decree was entered did not preclude the court from subsequently modifying the decree when at a later date, after a hearing, it appeared to the court to be detrimental to the welfare of the children. ''The fact that a separation agreement, incorporated in a divorce decree, has disposed of the children's custody is immaterial, since this is a matter on which the parties cannot finally contract, the court having jurisdiction regardless of the agreement. While such a contract should be given serious consideration by the court, any agreement with respect to custody is not controlling, and does not preclude the court from subsequently modifying it, * * *.'' 27B C.J.S., 557, Divorce, Section 317(2)h.

In discussing the effect of a decree regarding custody of a minor child and the modification of such decree, the textwriter in 39 Am. Jur., p. 614, Parent and Child, Sec. 25, says: ''In view of the ever-changing conditions of fortune and society, it is clear that if the courts are adequately to carry out their duty of protecting and fostering the welfare of children in making awards of their custody, it is necessary for them to reconsider such awards where the circumstances of the case change after the entry of the original decree, and, if the welfare of the child requires it, to modify the decree and make a change or altogether different disposition of the custody

of the child. There would seem to be no question but that the courts have the power to do this. * * * Unless new facts are shown to exist, the previous decision of a competent court with respect to the custody of a child will ordinarily be regarded as res judicata, although not where the circumstances have changed since the entry of the original decree, or where, even though there has been no material change of circumstances, the welfare of the child requires a change of custody * * *.''

(Hn 6) We think there was no error in the court's order relieving the appellee and the sureties on the performance bond executed by the appellee on May 5, 1960, pursuant to the decree signed by the chancellor on April 28, 1960, granting permission to the appellee to remove her residence together with that of her minor children to Little Rock, Arkansas. The record shows that the appellee had become a permanent resident of the City of Jackson at the time of the hearing, and there was no further need for such performance bond.

We find no reversible error in the record, and the decree of the lower court is therefore affirmed.

Affirmed.

*McGehee, C. J., and Gillespie, McElroy and Jones, JJ.,* concur.