BRADY, Justice:
This is an appeal from a decree of the Chancery Court of Forrest County, Mississippi, which defined and modified the visitation rights of the appellant and appel-lee with their minor daughter, Jennie Lynn Hatten, who was born on March IS, 1961. The essential facts, stated as tersely as possible, are that a decree of June 23, 1966, modified a final decree of December 19, 1964, in that the chancellor decreed that it would be in the “best interest of the child, and the child’s interest would be promoted” by the permanent care and custody of the child being granted to the appellant, E’Van Hatten, father of the minor, “with the right of reasonable visitation by the mother, Mrs. Ira Lou Hatten, at any and all reasonable times and that the child may visit with her mother at reasonable times.” The decree of December 19, 1964, had recognized an agreement of the parties thereto, the litigants in the case at bar, to maintain mutual care and custody of the minor child, with the court expressly retaining jurisdiction over the child.
On April 10, 1967, a petition to modify the June 23, 1966, decree was filed by the appellee, Mrs. Ira Lou Hatten Pearson. Appellee’s petition to modify the former *89 decree substantially set forth that subsequent to the rendering of the June 23, 1966, decree “there have been material and substantial changes in circumstances; that the respondent has consistently, continuously and obstinately refused to permit your petitioner to visit with and have her child at any and all reasonable times; that the respondent has arbitrarily defined reasonable rights of visitation in an unreasonable manner in such way as it appears to be vengeful.” Appellee also charged that appellant is married to a nineteen year old woman who has no children of her own and who cannot possess a mother’s love for Jennie Lynn and that appellant is not kind to his present wife, causing her to cry and creating an atmosphere in appellant’s home in which Jennie Lynn lives which is not happy and conducive to the rearing of a small child. Other grounds are also set forth by appel-lee. The appellant denies all the allegations of the appellee and contends that there is no equity on the face of the petition and that the same should be dismissed with prejudice. Appellant urges that he did comply with the conditions and requirements of the decree of June 23, 1966, and that he has permitted the appellee reasonable rights of visitation with the child at all reasonable times.
The chancellor found that appellant and appellee are both fit, suitable and proper persons to have custodial rights of their minor child, Jennie Lynn, but the chancellor found that the court decree of June 23, 1966, regarding the custody of the minor child, is not workable, that since the rendition of the decree of June 23, 1966, appellee has not been afforded reasonable rights of visitation with the minor child in keeping with the best interest of the minor child, and that appellee has a good, adequate and suitable home wherein said child might visit and be in the care and custody of her mother. The chancellor found further that there have been substantial and material changes in the situation and circumstances of the appellant and appellee relating to' the care, custody and needs of said minor child which justify an alteration and modification of the June 23, 1966, decree in order to better or more fully meet the emotional needs of the said child by designating specific and exact times and intervals between changes in custody and visitation of appellant and appellee with the minor child.
Eight assignments of error are urged by the appellant, some of which it is unnecessary for us to treat, because the record fails to establish evidence sufficient to merit our serious consideration thereof. The first error assigned is that the trial court erred in overruling appellant’s demurrer. A careful reading of the petition of the appellee convinces us that the ap-pellee charged sufficiently facts which, if believed by the chancellor, would justify the rendering of a decree in this cause in that appellee charged that “there have been material and substantial changes in circumstances.” Furthermore, the petition of appellee charges that the appellant continuously refused to permit the appellee to visit with her child at any and all reasonable times and that the appellant arbitrarily defined reasonable rights of visitation as he saw fit, which is a reasonable inference to be drawn from appellee’s charge that the appellant’s interpretation was such that it appeared to be vengeful. We hold, therefore, without any further comment that the demurrer was properly overruled. Likewise, a careful review of the record discloses that the chancellor had ample evidence of change of circumstances upon which to base his overruling of appellant’s motion to exclude appellee’s testimony.
We find no merit in the contention of appellant that the chancellor committed reversible error in denying the appellant the right to read in open court the petition filed by appellant on May 30, 1966, seeking a change in the decree of December 19, 1964. Although the present chancellor was not presiding at the time the petition of May 30, 1966, was filed, it does not follow per se that he was not familiar with *90 the contents thereof or did not familiarize himself therewith prior to adjudicating the rights of the litigants in the case at bar. Pleadings theretofore filed in the case are part of the record and need not be introduced because the Court takes judicial notice of anything in the record. Griffith, Mississippi Chancery Practice § 572 (2d ed. 1950). The entire record, together with the briefs, established beyond peradventure that the chancellor was quite familiar with the petition of May 30, 1966, and the facts upon which the decree of June 23, 1966, was predicated. Appellant contends that the court erred in giving his notes for decision and his entering a decree based on said notes for the reason that the entire record fails to show any material or substantial changes in circumstances between the parties since the rendition of the June 23, 1966, decree; that the evidence offered by appellee reveals only a vexed petitioner, unhappy because of her idea and interpretation of what reasonable visitation rights are. Based upon the factual findings of the chancellor as supported by the proof in this cause, we hold that it was not error for the chancellor to prepare the handwritten notes of his decision, deliver the same to counsel representing the appellee and request the preparation of a decree based thereon and to enter said decree in accordance with the chancellor’s decision. Griffith, Mississippi Chancery Practice, § 624 (2d ed. 1950).
Furthermore, the record discloses that the appellant, prior to the entry of the decree as evidenced by the “Objections Propounded to Court by Counsel” which was filed by the attorney representing the appellant, had before him the decree which the chancellor was preparing to enter in the cause based upon his notes or “decisions” relating to" the facts as established by the evidence, and it should be noted further that appellant’s objections were filed on September 30, 1967, at 9:28 A.M., the same time the decree was filed. It follows, therefore, that the contention of appellant that he did not have the opportunity to review the decision based upon the notes of the chancellor is incorrect.
This Court takes judicial notice of the fact that it is customary in the chancery courts of this state for a chancellor, subsequent to the time he has made a factual finding, to call upon the attorney representing the successful litigant to prepare a decree based on his findings and the conclusions of law predicated thereon.
Section 1390 of the Mississippi Code 1942 Annotated (1956) provides as follows:
The chancery courts in all litigated cases, upon the request of any party to the suit, shall find the facts specially and state separately its conclusions of law thereon, and its findings and conclusions shall be entered of record and, if an appeal is taken from the decree, shall be included by the clerk in the record which is certified to the Supreme Court.
It is to be noted that the chancellor overruled the petition of appellant for a separate finding of facts, stating as follows: “However, the Court had reduced its findings and decision to writing at a time when no intervening matters had been brought before it, and the Respondent did not object or move for separate findings of fact until after the Court had reduced its decision to writing and after the Final Decree had been prepared in response thereto.”
In Griffith, Mississippi Chancery Practice § 594(b) (2d ed. 1950) we find this language: “It will be observed that the statute is not brought into effect except upon the request of a party or any party to the suit. This request must be made not later than the close of the argument* and in any event before the chancellor has entered upon the delivery of his opinion, or if no opinion be delivered then before he announces his conclusions and directions as to the decree to he taken.” (Emphasis added.) This record conclu *91 sively shows that the chancellor had reached his conclusions and had delivered them to counsel representing the successful litigant as he had previously advised counsel representing both litigants he would do on the following day, subsequent to the arguments and the resting of all parties and his taking the cause under advisement.
In the case of General Tire & Rubber Company v. Cooper, 176 Miss. 491, 165 So. 420, suggestion of error overruled 167 So. 801 (1936), the identical language is quoted by this Court. Neither under appellant’s motion for a separate finding of facts nor as set forth in the bill of exceptions granted and signed by the chancellor does it appear that the motions of counsel for the appellant were timely made in accordance with the statutory requirements, our decisions and the authority of Griffith’s Mississippi Chancery Practice.
Again, insofar as the error urged by appellant is concerned namely that the chancellor erred in finding there had been material and substantial changes in facts and circumstances which would justify the modification of the form of decree, we hold that the proof, though not the most conclu-tive we have seen, nevertheless is sufficient, that we cannot find that the chancellor was manifestly wrong, or that under our decisions the chancellor could have disregarded or rejected the evidence presented on the part of the appellee which was not contradicted by direct or circumstantial evidence, and which is not inherently unworthy of belief. Fisher v. Daniels, 252 Miss. 662, 173 So.2d 908 (1965) and Ryals v. Douglas, 205 Miss. 695, 39 So.2d 311 (1949).
There is no merit in the contention that the decree does violence to the established rule that it is not to the best interest of a young child that the care, custody and control be vested alternately from parent to parent. The appellant’s cited cases of Nowell v. Nowell, 250 Miss. 805, 168 So.2d 301 (1964) and Kennedy v. Kennedy, 222 Miss. 469, 76 So.2d 375, 850 (1954) state good law but are factually distinguishable from the case at bar. We hold that the decree rendered by the chancellor September 30, 1967, does not de facto split the custody so that the best interest and the welfare of the minor child are adversely affected thereby and, therefore, does not constitute an abuse of discretion on the part of the chancellor.
The case at bar is comparable to Tighe v. Moore, 246 Miss. 649, 151 So.2d 910 (1963) which cites the specially concurring opinion of Justice Griffith in Evans v. Evans, 195 Miss. 320, 15 So.2d 698 (1943). Justice Griffith in the Evans case, supra, cited the case of Garner v. Garner, 143 Okl. 183, 288 P. 298, 299, wherein the question was raised as to what change in circumstances must exist before a modification from weekend custody to one allowing the father the entire weekend at the end of the vacation months of June, July and August was concerned, the Oklahoma Court pointed out “that the rule as to change in circumstances applies only in cases ‘where the general or permanent custody of the child is changed from one party to another’, — not ‘in cases where there is only a change in dates or periods within which one party may have the temporary care and custody of the child for the purpose of visitation, where there is no general change in its custody, such as in the instant case.’ ” 195 Miss, at 325, 15 So.2d at 700.
In the recent case of Anderson v. Watkins, 208 So.2d 573 (Miss.1968), among other findings we stated: “All orders of the chancery court with reference to care and custody of children are temporary orders and may be changed when conditions develop which warrant a change. Miss. Code 1942 Ann. § 2743 (1956); Miss. Code 1942 Ann. § 1263.5 (Supp.1966); Grace v. Cummings, 253 Miss. 794, 179 So.2d 836 (1965); Hodge v. Hodge, 186 So.2d 748 (Miss.1966). The fact that a mother was not originally given custody of her children in divorce proceedings because of infidelity to her husband does not *92 mean that she will forever be barred from having their custody, because in the future the situation may change and it may be to the best interest of the children to live with their mother.” 208 So.2d at 575. See also Brownell v. Brownell, 209 So.2d 187 (Miss.1968).
Finally, we hold that the best interest of the child was served, as found by the chancellor, by more clearly defining the rights of the parents and thereby eliminating future confusion and conflict.
For the foregoing reasons, the decree of the court below is affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, TONES, and SMITH, JJ., concur.

 The volume incorrectly uses the word agreement.