455 So.2d 768 (1984)
Sara Robinson SISTRUNK
v.
Gerald Finleigh McKenzie.
No. 54310.
Supreme Court of Mississippi.
August 22, 1984.
James P. Knight, Jr., Jackson, for appellant.
Otis Johnson, Jr., James W. Nobles, Jr., Gregory L. Harper, Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and ROBERTSON and DAN M. LEE, JJ.
ROY NOBLE LEE, Presiding Justice, for the court:
The Chancery Court of the First Judicial District, Hinds County, Honorable Paul Alexander, presiding, entered a decree July 2, 1982, modifying as to child custody a divorce decree rendered September 20, 1978, divorcing Sara (McKenzie) Sistrunk and Gerald Finleigh McKenzie. Sara Sistrunk has appealed from that modification decree and assigns two (2) errors in the trial below:
(1) The original decree cannot be modified in the absence of a material change in circumstances; and
*769 (2) The court improperly failed to consider the best interest of the minor child in scheduling visitation rights.
The September 20, 1978, decree, in addition to granting a divorce between the parties, set out child support and custody. The three (3) children of the parties are Gerald Kenneth McKenzie, born February 20, 1963, Sara Katherine McKenzie, born February 20, 1963 (twins); and Laura Leigh McKenzie, born February 2, 1970. Permanent custody of the children was fixed in appellant and appellee was granted reasonable visitation rights with said children. Apparently, finances constitute no problem for the parties. Although appellee agreed to send the children to a senior college after their graduation from high school, if the children attended college in the State of Mississippi, the two older children chose not to attend college in the state. One is enrolled at Southern Methodist University and the other attends the University of Arkansas.
The record reflects bitterness, hard feelings and strife have prevailed between appellant and appellee since their divorce. Even though appellee was granted reasonable rights of visitation with the children September 20, 1978, it is obvious from the record that the bitter feeling of appellant toward appellee has spilled over to the two oldest children. They have seen appellee infrequently since the divorce and do not care about seeing or having contact with him now. Appellant has married again and lives with her husband in Birmingham, Alabama, where they have established a home for the three children.
The youngest child, Laura, is now fourteen (14) years of age. Appellee has had minimal contacts with her since the divorce, and, certainly, it cannot be said that he has had reasonable rights of visitation with her. The parties evidently cannot agree on any type of visitation, and appellant has ignored the provision of the September 20, 1978, decree granting him reasonable rights of visitation with the children. In that situation and the dilemma presented by it, surely the chancery court has the power to enforce its solemn decree. In so doing, the chancery court must find and set out what constitutes reasonable visitation.
Appellant contends that there has not been a material change in the circumstances surrounding the parties and the children and that the original decree, therefore, cannot be modified. She relies upon O'Neal v. Warden, 345 So.2d 610, 612 (Miss. 1977), where the rule was stated again:
This Court has repeatedly held that when a decree has been entered and has become final which awards custody of a child to one parent that it cannot be materially modified or altered unless subsequent thereto there has been a material change of circumstances and then only after a finding based on substantial evidence that such change or circumstance materially affects the children's welfare adversely. [Citations omitted].
See Brocato v. Walker, 220 So.2d 340 (Miss. 1969).
In Tighe v. Moore, 246 Miss. 649, 151 So.2d 910 (1963), the only change in circumstances was that the children had grown older. The chancellor changed the times involved and reduced the total amount of time granted to the father. This Court said:
The mere fact that the children were older at the time the decree appealed from was entered would not in itself constitute such change in circumstances and surroundings as to justify a change in the general or permanent custody of the children from one party to the other. But the issue which the chancellor was called upon to decide did not involve the permanent custody of the children, but only a change in dates and periods of time during which the appellant was to have the temporary care and custody of the children for the purpose of visitation. The question which the chancellor was called upon to decide was whether or not the circumstances and surroundings of the children at the time of the hearing on the petition to modify the agreed decree were such as to require a change in the *770 schedule of visitation established by that decree. [246 Miss. at 663-664, 151 So.2d at 915].
And, discussing Evans v. Evans, 195 Miss. 320, 15 So.2d 698 (1943), the Court further said:
The changes in the custody decree in that case, as in the case that we have here, were of a minor nature, in that the changes did not affect in any material way the permanent custody which had been awarded to the mother. As stated by Judge Griffith in his specially concurring opinion in that case, "The modern rule is that it is only when there is a substantial modification of the custody decree that a substantial change of circumstances must first be shown. And time out of mind the chancellors of this state have so construed their powers under what is now Section 1421, Code 1930; they have modified custody decrees in matters of minor detail when experience under a former decree has shown the modification to be to the child's interest, and this although the general situation of the parties remained substantially the same, and in this they are within their authority." [246 Miss. at 665-666, 151 So.2d at 916-917].
We are of the opinion, and so hold, that under the facts of this case, it is not necessary for us to determine whether or not there has been a material change in the circumstances surrounding the parties and the fourteen-year-old child because the permanent custody of the child was not involved. The chancellor simply defined and fixed reasonable visitation rights upon which the parties could not agree. In the modification decree, the chancellor set out clearly and succinctly the times during Christmas and Thanksgiving holidays, weekends, Fourth of July, and summer vacations when appellee could visit with his child and have her visit with him. The chancellor, recognizing that the two older children could not be required to visit with their father, continued the provisions of the decree as to them, viz, reasonable rights of visitation.
We are of the opinion that there was no error in the trial below, and the decree of the lower court is affirmed.
AFFIRMED.
WALKER, P.J., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
PATTERSON, C.J., not participating.