# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CA-00300-SCT

*JAMES WILLIAM CHILDERS*

*v.*

*VICKY LYNN SIMMMONS CHILDERS*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/05/97 |
| TRIAL JUDGE: | HON. JOHN C. ROSS, JR. |
| COURT FROM WHICH APPEALED: | ALCORN COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | TOMMY DEXTER CADLE |
| ATTORNEY FOR APPELLEE: | GERALD R. McLEMORE |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 07/23/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/17/98 |

**BEFORE SULLIVAN P.J., ROBERTS AND WALLER, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. This appeal arises from the February 5, 1997 dismissal of James' Motion for Contempt, Modification of Former Decree, Clarification of Support Provisions and for Equitable Division of Marital Assets in the Chancery Court of Alcorn County, Mississippi. The trial court rendered a final divorce decree based on irreconcilable differences on May 31, 1996, which addressed child custody and support, visitation rights, and disposition and division of all marital properties. No appeal was taken by either party.

¶2. On November 20, 1996, James filed his motion which is the subject of this appeal. Vicky Lynn filed her response setting forth the defense of res judicata to all issues except for the motion for citation of contempt. The chancellor addressed the motion for contempt as it relates to the payment of a MasterCard account as well as the issue of periodic reports that relate to the jointly owned dry cleaning business. Other than these two issues, the chancery court entered its final order dismissing the motion, without any further testimony, finding that no new issues had been presented by the pleadings to warrant a hearing.

¶3. Aggrieved by the lower court's opinion, James presents seven separate issues for this Court's consideration. However, the primary issue is whether the chancellor erred when he dismissed the

motion, except for the motion for contempt, without a hearing and without the opportunity for James to present evidence on each issue.

**I. Whether the Trial Court erred in not allowing Plaintiff a hearing on his Motion for Citation for Contempt, Modification of Former Decree, Clarification of Support Provisions, and for Equitable Division of Marital Assets.**

¶4. James cites to Article 3, Sections 14 and 25, of the Mississippi Constitution in support of his argument that he was denied his right to due process when the trial court ruled on his motion without a hearing. He asserts that the chancery court had a responsibility to hear his claims and proof before ruling. In response Vicky Lynn contends that James has been provided his "due process" by a full evidentiary hearing on, not only the complaint for divorce filed by Vicky Lynn, but also on his counterclain for a divorce. She contends that all issues raised in this appeal had been previously litigated in the divorce hearing and are barred under the rule of res judicata. We disagree that all issues raised in James' pleadings are barred by res judicata.

¶5. The chancellor was in agreement with Vicky Lynn except for the issue of contempt on a MasterCard indebtedness. Although the final Order does not use the word res judicata it does state, "each request of James William Childers in his Motion was specifically dealt with in this Court's opinion and Judgment dated May 31, 1996, whereby the parties were granted a divorce and their properties divided." The final Order further stated, "James William Childers failed to do so [perfect his appeal following the last order dated August 2, 1996] and this Court will not now revisit each of these old issues."

¶6. Vicky Lynn quotes *Walton v. Bourgeois* to this Court for the proposition that "A final judgment on the merits of an action precludes the parties and their privies from relitigating claims that were or could have been raised in that action. We have labeled this rule res judicata." *Walton v. Bourgeois*, 512 So. 2d 698 (Miss. 1987); *See also Pray v. Hewitt*, 254 Miss. 20, 179 So. 2d 842 (1965) (affirming a chancery court decree dismissing the suit based on res judicata). In *Pray* this Court explained that "'[t]he rule [of res judicata] is often broadly stated in general terms that a judgment is conclusive not only on the questions actually contested and determined, but on all matters which might have been litigated and determined in that suit.'" *Id.* at 24, 179 So. 2d at 844 (quoting 50 C.J.S. Judgments § 716 (1947)). This would include all issues pertaining to property division considered and ruled on after the divorce hearing. If James thought the final decree was incorrect he should have appealed to this Court within 30 days after the motion for reconsideration was denied. See Miss.R.App.P. 4 (a) and (d). James did not do this, instead he filed a motion to modify requesting the court to allow him to relitigate issues that were litigated and determined in the original action for divorce.

¶7. James was afforded a full, complete hearing at which he was given the opportunity to call witnesses and to be heard by the lower court during the divorce proceedings on the issues relating to the equitable division of marital assets that he now presents to this Court on appeal. Accordingly, James was not denied due process of law, as required by both the U.S. Constitution and the Mississippi Constitution on these issues, for he was given an opportunity to be heard on the same issues he sought to modify a few months after the final decree was entered.

¶8. However, James did raise the issue of a material change of circumstances which if proven would

warrant a modification of the divorce decree regarding child support. While the issues as they relate to property division are barred by res judicata, the request seeking modification of child support and clarification of visitation rights are new issues that require a hearing. Due Process is implicated, "If a full and complete hearing is not allowed by refusing the defendant his opportunity to present evidence, then the defendant is thereby deprived of due process." *Weeks v. Weeks*, 556 So. 2d 348, 349-50 (Miss. 1990) (*citing* **Fortenberry v. Fortenberry**, 338 So. 2d 806 (Miss. 1976)).

¶9. In this case the chancellor found nothing new that required a hearing, other than the issue of contempt, but this determination was solely based on the pleadings. Summary judgment is not proper when it was not requested by either party and the motion for modification alleges a material change of circumstances. It makes no difference if the petition is filed 30 days, 90 days or 2 years after the divorce was granted. It was a denial of James' rights to due process for the Chancellor to deny his motion without holding a hearing where James is given the opportunity to provide factual support for the allegation in the pleading that there has been a material change in circumstances since the rendering of the former decree.

¶10. However, the trial court should be mindful that in regard to the issue of reducing child support obligations, "only [material] changes occurring after the original decree and not reasonable anticipated by the parties at the time of the agreement should be considered in the modification of child support." **Shipley v. Ferguson**, 638 So. 2d 1295, 1298 (Miss. 1994). In order for a chancellor to modify child support there must be a material change in the circumstances of the parties following the original decree. **Morris v. Morris**, 541 So. 2d 1040, 1042-43 (Miss. 1989); *See also* **Clark v. Myrick**, 523 So. 2d 79 (Miss. 1988) and Miss. Code Ann. 93-5-23 (1994). But first, James must have the opportunity to be heard regarding the issue of modification of child support.

## II. Whether the Trial Court erred in not modifying Plaintiff's motion to reduce child support to Plaintiff's oldest of two children who refused to have a relationship with Plaintiff and was in fact emancipated.

¶11. In the chancellor's Order addressing the motion for reconsideration filed by both parties after the final divorce decree was entered, child support in the sum of $60.00 per week was awarded effective August 1, 1996. This amount is to be paid "until both children are emancipated." James contends that this Court should allow him relief just as this Court has allowed relief from support or education requirements where the child gave no indication of love, affection, appreciation or consideration for the support citing **Hambrick v. Prestwood**, 382 So. 2d 474 (Miss. 1980). This contention is misguided. We stated in **Hambrick** that "The facts of some cases require exceptional treatment and this is one of those." *Id.* at 478. On remand, the chancellor should consider the evidence presented at the hearing and make a specific finding if this case is one of those cases that requires such exceptional treatment.

## III. Whether the Trial Court erred in not setting specific visitation rights for Plaintiff with Plaintiff's youngest daughter.

¶12. The final decree states in relevant part:

> From the proof before the Court, the Court finds and hereby orders that Vicky Lynn Childers be given the primary care, custody and control of the two minor children, with James William

Childers having ***reasonable visitation rights*** with his minor children.

(emphasis added). In James' motion for citation, modification, clarification and equitable division of marital assets he requested that the chancery court specifically set forth the Plaintiff's visitation rights with the younger child, including reasonable alternating weekend visitations, as well as holidays and summer visitation. In the order being appealed from, the chancellor makes no finding whatsoever pertaining to this request.

¶13. Vicky Lynn argues that this issue is barred by res judicata since the court determined that no set visitation was necessary, and just a little over three months have passed since the final orders in the divorce case. When the issue concerns the modification of visitation rights the argument of res judicata is not controlling and the petition can not be denied on this theory. ***Tighe v. Moore***, 246 Miss. 649, 662-63, 151 So. 2d 910 (1963), *cert. denied,* 375 U.S. 921 (1963). The ***Tighe*** Court differentiated between a modification of custody as opposed to "a change in dates and periods of time during which the appellant was to have the temporary care and custody of the children for the purpose of visitation." *Id.* at 663, 151 So. 2d at 915. Further this Court has stated that the rule requiring a change in circumstance has no application where the terms of visitation are at issue. ***Clark v. Myrick***, 523 So. 2d 79, 83 (Miss. 1988); ***Cox v. Moulds***, 490 So. 2d 866 (Miss. 1986).

¶14. This Court has previously addressed a chancery court's denial of a request to clarify visitation rights of a non custodial parent in ***Cox v. Moulds***, 490 So. 2d 866 (Miss. 1986). In ***Cox***, the non custodial parent asked the court to provide an order making his visiting rights specific with reference to times, dates and places. *Id.* at 869. The question in ***Cox*** was the restriction placed upon the father that he could not have visitation with his children except at the home of his ex-mother-in-law or in the Hattiesburg area. When addressing this issue this Court stated:

> All that need be shown is that there is a prior decree providing for reasonable visitation rights which isn't working and that it is in the best interests of the children as fostering a positive and harmonious relationship between them and their divorced parents to have custody provisions made specific rather than flexible and attendantly vague.

*Id.* at 869. We remanded the case to the lower court and instructed it to enter a decree that is "reasonable and appropriate under all the circumstances and consistent with our law making specific provision for reasonable visitation rights . . . ." *Id.* at 871.

¶15. Applying this rule to this case, the only mention of visitation is that James has "reasonable visitation rights". James argues in his brief that he has not been able to visit with this child on any type of regular basis due to the mother's interference. The chancellor did not allow a hearing where James was given the opportunity to present evidence that he has been denied reasonable visitation and what is in the best interest of the child. However, James did not file a motion for contempt contending that Vicky Lynn has refused him "reasonable visitation", he just sought clarification of what the term "reasonable visitation" means.

¶16. "The specification of times for visitation rights is committed to the broad discretion of the chancellor", ***Clark v. Myrick***, 523 So. 2d 79, 83 (Miss. 1988), but that does not excuse the failure of the chancellor to specify what those times are. In ***Clark***, this Court found that the chancellor did not abuse his discretion when he found that there was no evidence introduced at the hearing to warrant

any change in earlier visitation provisions. In contrast, James does not have the benefit of specific visitation provisions as the parties in *Clark* were provided. Further, James was not allowed a hearing to demonstrate how the vagueness of the prior decree concerning his visitation rights were unworkable, or not in the best interest of his youngest daughter. It is also worth noting that in *Crowson v. Moseley*, 480 So. 2d 1150 (Miss. 1985) we reversed an order that only allowed the non custodial spouse very limited and short periods of visitation. We set out considerations the trial court should take into account when determining what constitutes reasonable visitation privileges. This Court has stated that "parent and child should have as close and loving a relationship as possible, despite the fact that they may not live in the same house." *Dunn v. Dunn*, 609 So. 2d 1277, 1286 (Miss. 1992) (quoting Qhite v. Thompson, 569 So. 2d 1181, 1185 (Miss. 1990)).

¶17. We reverse the chancellor by finding that he did abuse his discretion when he refused to clarify the vague visitation provision in the divorce decree and to allow a hearing to determine what specific visitation provisions would be in the best interest of the minor child. We remand this case where the chancellor can specifically set out James' visitation rights to reflect what visitation schedule is appropriate when considering the best interest of the minor children but also keeping in mind the rights of the non-custodial parent.

**IV. Whether the Trial Court erred in not terminating requirement for Plaintiff to pay car note of oldest daughter beyond her twenty-first birthday.**

¶18. James contends that he should not be responsible for paying for his oldest daughter's car payments beyond her twenty-first birthday. In support of this he cites to *Stokes v. Maris*, 596 So. 2d 879, 882 (Miss. 1992) (holding that the trial court has no authority to order child support in any form to continue post-majority unless there is an agreement or contract between the parties for such support). Regardless of this contention, in the case at bar the oldest daughter has not reached the age of twenty-one. Once the child does reach age twenty-one, if James is still paying the car payments then he can petition the chancery court to modify the original divorce decree. This assignment of error is without merit at this time.

**V. Whether the Trial Court erred in not dividing parties' commercial property which was a marital asset.**

**VI. Whether the Trial Court erred in not disposing of parties' jointly owned livestock.**

¶19. Both of these arguments are barred by the doctrine of res judicata. James argues that the trial court should have applied the factors set forth in *Ferguson v. Ferguson*, 639 So. 2d 921, 928-29 (Miss. 1994) to make a fair and final distribution of the cleaning business as a marital asset. However, neither James nor Vicky Lynn appealed that final judgment which specifically addressed the disposition of the cleaning business and the livestock. The judgment following the divorce was conclusive on both of these issues and therefore these claims are barred by res judicata. *Johnson v. Howell*, 592 So. 2d 998, 1002 (Miss. 1991) (precluding new action involving identical claims with identical parties as in the prior adjudication based on res judicata).

¶20. When the parties allowed time for appeal expired, the issues concerning property disposition became final and cannot be raised again in a motion to modify. Res judicata applies in this case because both the action leading to the final divorce decree and the present action concern identical

claims and the same parties. *Johnson*, 592 So. 2d at 1002. These assignments of error are barred by res judicata and therefore the chancellor was correct in dismissing these claims without a hearing.

¶21. In conclusion, James was not denied due process of law when the chancellor denied a hearing regarding the merits of his claims relating to the equitable division of the marital assets since he was given a full evidentiary hearing during the divorce proceedings regarding those issues that are now raised in this appeal. The two claims concerning the disposition of marital property are barred by the doctrine of res judicata.

¶22. The issue concerning support of the minor children however does require a hearing in order for the chancellor to make a proper determination based on the evidence. We reverse and remand this case and instruct the trial court to conduct a hearing on the allegation in James' pleading that there is a material change of circumstances which if proven warrants a modification of court ordered child support.

¶23. Also, the chancellor should set out specific visitation privileges on behalf of James that is in the best interest of the minor children while also considering the rights of the non custodial parent.

¶24. **AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

**PRATHER, C.J., BANKS, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY. PITTMAN, P.J., NOT PARTICIPATING.**