799 So.2d 927 (2001)
Sherry Ann (Priewe) OLSON, Appellant
v.
Paul Christopher OLSON, Appellee.
No. 2000-CA-01851-COA.
Court of Appeals of Mississippi.
November 6, 2001.
*928 Joe Morgan Wilson, Senatobia, for Appellant.
Charlie Baglan, Lawrence J. Hakim, Batesville, for Appellee.
Before McMILLIN, C.J., BRIDGES, and CHANDLER, JJ.
CHANDLER, J., for the Court:
¶ 1. Sherry Ann Olson filed a petition to cite Paul Olson for contempt of court and for modification of the chancellor's decree of custody. A hearing was held on July 17, 2000, in the Second Judicial District of Panola County. The chancellor declined to find Paul in contempt and declined to grant the modification sought by Sherry Ann. He did clarify the former decree as to the visitation rights of Sherry Ann. Aggrieved by the chancellor's decision, Sherry filed this appeal and argues that the chancellor abused his discretion in failing to find Paul in contempt, to modify the former decree or to further clarify the terms of her visitation.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. The parties to this action were granted a divorce on the grounds of irreconcilable differences in June of 1996. They had one child, Kristen Hope Oslon, born January 14, 1993. The parties were originally granted joint legal and physical custody. Later the appellant, Sherry Ann Olson Shoemaker, moved to Michigan and filed a petition for modification of former decree seeking paramount custody and the appellee, Paul Olson responded in the same manner. On September 3, 1998, a hearing was held in the Second Judicial District of Panola County. Paul was awarded paramount physical custody of the child at that time.
¶ 4. The order of the chancellor directed that the mother would receive six weeks of visitation with the child during the summer. No other specific visitation rights were detailed. The chancellor indicated that he felt it best for the mother and the father to be with the child as often as possible and that the parents should cooperate to meet that goal.
*929 ¶ 5. In January 2000, Sherry Ann filed a petition to cite Paul for contempt of court and for modification of petition. Sherry Ann claimed that Paul was in contempt because he failed to cooperate as directed by the court. She specifically claimed that he reneged on their agreements to meet half-way with the child at different times. She said she could not afford financially to make the entire trip from Michigan to Mississippi. She also stated that if she did travel the entire distance, she had no assurance that Paul would allow her to be with her daughter. She argued that Paul's failure to cooperate effectively denied her visitation with her child.
¶ 6. The chancellor declined to find Paul in contempt. Sherry Ann's basis for the contempt petition was Paul's alleged refusal to cooperate as directed by the custody decree. The chancellor found that Paul had not violated the terms of the decree and was not in contempt. He also declined to modify the terms of the order. Instead, he clarified the former decree. He made the additional ruling that Paul would deliver and retrieve the child on one other agreed visitation per year (other than the six weeks in the summer). He further held that any other visitation would be entirely Sherry Ann's responsibility, including cost and travel.

LAW AND ANALYSIS

I. DID THE CHANCELLOR ABUSE HIS DISCRETION IN REFUSING TO FIND PAUL IN CONTEMPT, TO MODIFY THE FORMER DECREE OR FURTHER CLARIFY THE TERMS OF SHERRY ANN'S VISITATION?
¶ 7. On visitation issues, as with other issues concerning children, the chancery court enjoys significant discretion in making its determination of what is in the best interest of the child. Haddon v. Haddon, 97-CT-01453-SCT, ___ So.2d ___, ___, 2000 WL 330348 (¶ 13) (Miss. March 30, 2001); Harrell v. Harrell, 231 So.2d 793, 797 (Miss.1970). The specification of times for visitation rights is committed to the broad discretion of the chancellor. Id.; Cheek v. Ricker, 431 So.2d 1139, 1146 (Miss.1983); Buntyn v. Smallwood, 412 So.2d 236, 238 (Miss.1982).
¶ 8. In cases where the terms of visitation are at issue, the change in circumstances rule has no application because the court is not being asked to change the permanent custody of the child. Cox v. Moulds, 490 So.2d 866, 869 (Miss.1986); Sistrunk v. McKenzie, 455 So.2d 768, 770 (Miss.1984). For a chancellor to properly refuse to modify a previous decree, he must find that the prior decree provides for reasonable visitation rights which are working and are in the best interest of the child. Haddon, 97-CT-01453-SCT at ___ (¶ 13).
¶ 9. Sherry Ann argues that the chancellor's decree of February 1, 1999, awarding paramount custody to Paul and visitation rights to her, does not provide sufficient details to be workable. She argues that the chancellor should have modified the decree or clarified it further to specifically provide when she would have visitation with her child.
¶ 10. The chancellor's original decree read as follows:
Sherry Ann Priewe Olson, should have visitation to and with the said minor. Said visitation to include six weeks during the summer between the time school terminates for the spring semester and terminating at least one week before school begins in the fall semester. Sherry Ann Priewe Olson should have such other visitation as is reasonably possible, taking into consideration the distance between the home of the mother and home of the father; (they [sic] to meet at Seymour Indiana.)
*930 This last provision was in the chancellor's own handwriting.
¶ 11. The chancellor in this case found that the previous order was reasonable and declined to modify it as sought by Sherry Ann. He did, however, clarify several points in the order. The chancellor ordered that Paul would deliver the child to Seymour, Indiana, as the midway point between the parties' homes, for the six weeks during the summer that she would spend with her mother and at one other time during the year. He further held that any other visitation would be at the expense of Sherry Ann.
¶ 12. In the February 1999 decree, the chancellor held that it would be in the best interest of the child for the visitation schedule to remain flexible. This flexibility would benefit the parents in coordinating their schedules and in allowing a young child to participate in all the usual activities of a child her age. The chancellor, in large part, based this reasoning on the great distance between the homes of the parents and the young age of the child. It was not an abuse of his discretion for the chancellor to allow the parties to decide which dates would be best for them to travel with a young child on a trip of approximately thirty-two hours. Sherry Ann has failed to make a showing that the order is not in the best interest of the child. She has also failed to demonstrate that the chancellor's decree is not workable. In reality, the force of her argument seems to be more of a petition for more visitation rights, rather than clarification of the current terms of visitation as maintained in this suit. This Court can not grant such relief at this stage of the proceedings.
¶ 13. As to the contempt issue, the chancellor made a specific finding in his order that Paul was not in contempt of Court. Sherry Ann claims that Paul refuses to cooperate with her efforts to have visitation with her daughter. She maintains that this refusal is in direct contravention to the language in the chancellor's original order where he directed the parties, "the more time you can see her, each of you, the better child she will be. Don't be restrictive of her (Sherry Ann's) requests to see this child."
¶ 14. These "contempt matters are committed to the substantial discretion of the trial court which, by institutional circumstance and both temporal and visual proximity, is infinitely more competent to decide the matter than we are." Meeks v. Meeks, 757 So.2d 364(¶ 28) (Miss.Ct.App. 2000) (quoting Morreale v. Morreale, 646 So.2d 1264, 1267 (Miss.1994)). Sherry Ann has presented no evidence to lead this Court to conclude that the chancellor erred in failing to find Paul in contempt. She complains of one instance where Paul called to inform her he could not meet her with their daughter as previously planned for the Christmas holiday. Paul called Sherry Ann three weeks before the trip was to be made. She has presented no other basis for her contempt petition. Based on the foregoing facts, the chancellor's decision to uphold the previous order and refusal to hold Paul in contempt was not an abuse of his discretion.
¶ 15. THE JUDGMENT OF THE PANOLA COUNTY CHANCERY COURT, SECOND JUDICIAL DISTRICT, IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS and BRANTLEY, JJ., concur.