# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 96-CA-00792 COA

**STEVE BOLEN**                                                                 **APPELLANT**

**v.**

**JANA LYNN BOLEN**                                                            **APPELLEE**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

| | |
|---|---|
| DATE OF JUDGMENT: | 06/19/96 |
| TRIAL JUDGE: | HON. SARAH P. SPRINGER |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | HENRY PALMER |
| ATTORNEY FOR APPELLEE: | CHARLES E. SMITH |
| NATURE OF THE CASE: | CIVIL - CUSTODY |
| TRIAL COURT DISPOSITION: | GRANTED MOTION TO DISMISS, DENIED REQUEST FOR CITATION OF CONTEMPT AND DENIED AN AWARD OF ATTORNEY'S FEES. |
| DISPOSITION: | AFFIRMED - 10/7/97 |
| MOTION FOR REHEARING FILED: | October 20, 1997 |
| CERTIORARI FILED: | 12/16/97 |
| MANDATE ISSUED: | 4/6/98 |

BEFORE BRIDGES, C.J., HERRING, AND PAYNE, JJ.

HERRING, J., FOR THE COURT:

Steve Bolen appeals from the judgment of the Chancery Court of Lauderdale County, Mississippi, wherein the chancellor dismissed his motion for modification of the judgment of divorce previously entered into between the parties, and wherein Jana Lynn Bolen was granted custody of the minor child of the parties, subject to Mr. Bolen's right to visit with the child on specified occasions. In his motion, Mr. Bolen alleged that his current visitation schedule with his minor child as contemplated in the original judgment of divorce was "not working" because of his former wife's move to Florida. The chancellor denied Mr. Bolen's request for modification. We affirm.

## I. THE FACTS

On March 18, 1992, Steve and Jana Lynn Bolen obtained a divorce in the Chancery Court of Lauderdale County, Mississippi. The judgment of divorce and the attached settlement agreement provided that Mrs. Bolen would have custody of their minor child, Steven Paul Bolen, Jr. The Appellant was granted visitation with his son every other weekend, as well as for a six-week period in the summer and other holidays. The judgment of divorce also specified that should Mrs. Bolen move out of state, she would be required to file with the court a request for "modification of the visitation order set forth herein."

Following the divorce of the parties, Mrs. Bolen moved to Oklahoma for four months and then relocated to her home at the time of trial in Highsprings, Florida, in January, 1993. The distance between Mrs. Bolen's residence in Florida and Mr. Bolen's home in Lauderdale County, Mississippi, is approximately 630 miles and at least a ten-hour drive by automobile.

Although visitation every other weekend proved to be difficult, Mr. Bolen continued his weekend visitations with the minor child for two years, subsequent to Mrs. Bolen's relocation outside of Mississippi. The evidence shows that Mr. Bolen would periodically drive the distance and bring his son to Mississippi for visits. However, on May 2, 1995, Mr. Bolen filed a motion to modify the visitation schedule in the Lauderdale County Chancery Court. He asserted that a material change in circumstances occurred when Mrs. Bolen moved to Florida and that his visitation schedule with the child should be modified to accommodate the change. Thus, Mr. Bolen requested that the Chancery Court of Lauderdale County modify the judgment of divorce and grant him, *inter alia,* an additional two weeks of visitation with his son during the summer months in order to compensate him for the visitation he would lose during the rest of the year because of the distance between them.

In response to Mr. Bolen's motion to modify the visitation schedule, Mrs. Bolen filed an answer and "counter-motion" requesting Mr. Bolen to pay certain medical bills which he was required to pay according to the terms of the original settlement agreement, in the sum of $603.55. In addition, she requested that Mr. Bolen be required to pay her attorney's fees incurred in answering his motion to modify.

At the close of Mr. Bolen's presentation of testimony in support of his motion to modify the trial court's judgment of divorce, Mrs. Bolen moved to dismiss the motion and to deny the relief sought by Mr. Bolen. The chancellor found that Mr. Bolen had failed to show that his visitation schedule with the child was not working and therefore granted the motion to dismiss. As a result of the court's ruling, Mr. Bolen's request for eight weeks of visitation with the minor child during the summer months was denied. After hearing all other matters, the chancellor denied all other relief sought by the parties except that Mr. Bolen was required to pay to Mrs. Bolen medical expenses incurred by her for the benefit of the child in the sum of $603.55.

## II. THE ISSUES

On appeal, Mr. Bolen presents the following assignments of error:

1. WHETHER THE CHANCERY COURT ERRED BY NOT REVISITING AND MODIFYING THE ORIGINAL JUDGMENT OF DIVORCE ON THE MATTER OF VISITATION.

2. WHETHER THE CHANCERY COURT ERRED BY NOT REQUIRING APPELLEE TO COMPLY WITH THE TERMS OF THE ORIGINAL JUDGMENT

OF DIVORCE AS IT RELATES TO MODIFYING THE VISITATION SCHEDULE.

## III. ANALYSIS

1. WHETHER THE CHANCERY COURT ERRED BY NOT REVISITING AND MODIFYING THE ORIGINAL JUDGMENT OF DIVORCE ON THE MATTER OF VISITATION.

An appellate court defers to the chancellor on factual issues and will not reverse the chancellor unless the judge's findings are not supported by substantial credible evidence, or unless the chancellor has either committed manifest error, or applied an erroneous legal standard. *Bredemeier v. Jackson*, 689 So. 2d 770, 775 (Miss. 1997). In addition, the chancellor has broad discretion in determining visitation appropriate between a parent and a child, as well as any limitation on such visitation. *Harrington v. Harrington,* 648 So. 2d 543, 545 (Miss. 1994); *see also* Miss. Code 93-5-23 (Supp. 1996). Morever, the chancellor must consider the best interests of the child in matters involving visitation and be sensitive to the rights of the non-custodial parent, while at the same time recognizing the need for the non-custodial parent to maintain a healthy, loving relationship with his child. *Harrington,* 648 So. 2d at 545.

Mr. Bolen argues on appeal that the chancery court erred when it failed to modify the Appellant's visitation schedule with the child. He asserts that although he tried to make the original visitation schedule work for two years, it became impossible to do so because of the distance between his home in Mississippi and Mrs. Bolen's home in Florida. Mr. Bolen asserts that the visitation schedule as contemplated by the judgment of divorce "isn't working."

In support of his argument that a modification of the original visitation schedule is proper in this case, Mr. Bolen relies on *Cox v. Moulds*, 490 So. 2d 866, 869 (Miss. 1986). In particular, he relies on the language of the Mississippi Supreme Court in *Cox* that "[a]ll that need[s] [to] be shown is that there is a prior decree providing for reasonable visitation rights which isn't working and that it is in the best interests of the children" to modify the visitation. *Id.* Cox was seeking a modification of the visitation schedule set out in his original judgment of divorce on the ground that the schedule of visitation was vague. He sought to have the schedule modified to give specific times, dates and places of visitation. In ruling on Cox's motion to modify, the Mississippi Supreme Court stated:

In cases such as this our familiar change in circumstances rule, *see*, e.g., *Cheek v. Ricker*, 431 So. 2d 1139, 1144 (Miss. 1983), has no application. This is because the Court is not being asked to change the permanent custody of the children. *Sistrunk v. McKenzie*, 455 So. 2d 768, 770 (Miss. 1984). All that need be shown is that there is a prior decree providing for reasonable visitation rights which isn't working and that it is in the best interests of the children as fostering a positive and harmonious relationship between them and their divorced parents to have custody provisions made specific rather than flexible and attendantly vague.

*Cox*, 490 So. 2d at 869.

Following a hearing on the merits, the chancellor specifically found that although Mr. and Mrs. Bolen were living over 600 miles apart, Mr. Bolen's visitation schedule with the child was, in fact, working. The chancellor also found that Mr. Bolen was exercising his summer visitation with the child, had been able to get time off from work to visit with him, and that Mrs. Bolen had been cooperative in allowing Mr. Bolen to have additional periods of visitation with his son. In addition, the evidence showed that Mrs. Bolen had, on at least one occasion, transported the child in her vehicle to a designated location between the homes of the parties so Mr. Bolen and the child could visit. Thus, we cannot say that the chancery court committed reversible error when it dismissed Mr. Bolen's motion for modification of the judgment of divorce. We therefore affirm the chancellor's ruling on this issue.

2. WHETHER THE CHANCERY COURT ERRED BY NOT REQUIRING THE APPELLEE TO COMPLY WITH THE TERMS OF THE ORIGINAL JUDGMENT OF DIVORCE AS IT RELATES TO MODIFYING THE VISITATION SCHEDULE.

Although the original judgment of divorce required Mrs. Bolen to request a modification of Mr. Bolen's visitation schedule with the child if she ever left Mississippi, she failed to do so. However, since we have ruled that the chancellor did not commit error in refusing to modify its original judgment of divorce, this issue is now moot.

**THE JUDGMENT OF THE CHANCERY COURT OF LAUDERDALE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.**